USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/25/18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

LENORA BROMFIELD,  :

             Plaintiff,  :  16 Civ. 10047 (ALC)(HBP)

  -against-  :  OPINION
                          AND ORDER

BRONX LEBANON SPECIAL CARE  :
CENTER, INC., et al.,
                          :
            Defendants.
                          :
------------------------------------X

PITMAN, United States Magistrate Judge:

        By motion dated February 27, 2018 (Docket Item 39), plaintiff Lenora Bromfield seeks the appointment of pro bono counsel. For the reasons set forth below, Ms. Bromfield's motion is denied without prejudice to renewal.

        This is an employment discrimination/retaliation action. Plaintiff was employed by defendant Bronx Lebanon Special Care Center, Inc. for 24 years as a Certified Nursing Assistant. Plaintiff alleges that she was falsely charged with work place misconduct and forced to resign. According to plaintiff, defendants' conduct violated Title VII and Age Discrimination in Employment Act. Although plaintiff is an African-American female, the complaint does not state the nature of the discrimination that plaintiff claims violated Title VII; given plaintiff's pro se status, I shall assume she is alleging discrimination on the basis of race and gender. She also alleges

that she was the victim of disparate treatment, was disciplined more harshly than other employees and that she was retaliated against for complaining about the deficient care of patients.

The factors to be considered in ruling on a motion for pro bono counsel are well settled and include "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Of these, "[t]he factor which command[s] the most attention [is] the merits." Id.; accord Odom v. Sielaff, 90 Civ. 7659 (DAB), 1996 WL 208203 (S.D.N.Y. Apr. 26, 1996) (Batts, J.); see Berry v. Kerik, 366 F.3d 85, 88 (2d Cir. 2003); see also Kwon v. Santander Consumer USA, Docket No. 17-1332-cv, 2018 WL 3546498 at *3 (2d Cir. July 24, 2018) ("A district court may appoint counsel for an indigent litigant where [her] complaint has 'some likelihood of merit.'"). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not indigent.

Cooper v. A. Sargenti Co., supra, 877 F.2d at 174; see also Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997) ("'In

2

deciding whether to appoint counsel . . . the district judge should first determine whether the indigent's position seems likely to be of substance.'").

> The Court of Appeals for the Second Circuit has
>
> > stated in various ways the applicable standard for assessing the merits of a pro se litigant's claim. In Hodge [v. Police Officers, 802 F.2d 58 (2d Cir. 1986)], [the court] noted that "[e]ven where the claim is not frivolous, counsel is often unwarranted where the indigent's chances of success are extremely slim," and advised that a district judge should determine whether the pro se litigant's "position seems likely to be of substance," or showed "some chance of success." Hodge, 802 F.2d at 60-61 (internal quotation marks and citation omitted). In Cooper v. A. Sargenti Co., [the court] reiterated the importance of requiring indigent litigants seeking appointed counsel "to first pass the test of likely merit." 877 F.2d 170, 173 (2d Cir. 1989) (per curiam).

Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003).

I am willing to assume that plaintiff lacks the financial resources to retain counsel and I am also willing to assume that she has diligently attempted to find counsel on her own. Nevertheless, the pending application does not demonstrate that plaintiff's claim has sufficient merit to warrant the appointment of counsel. Admittedly, all I know about the case comes from the pleadings and discussions concerning the case at discovery conferences; I am confident there are many facts about the case that I do not know. However, what I do know suggests that there are serious issues with the case. Plaintiff does not allege any

3

comments by defendants or others suggesting animus against any members of a protected class and she does not cite with specificity any comparators who were treated more favorably than she was. The complaint is extremely thin in terms of facts that wold support a inference of illegal discrimination.

Plaintiff's retaliation claim suffers from similar problems. "Title VII bars retaliation by an employer against an employee because the employee 'has opposed any practice made an unlawful employment practice' under Title VII." Arroyo-Horne v. City of New York, 16-CV-03857 (MKB), 2018 WL 4259866 at *15 (E.D.N.Y. Sept. 5, 2018). A retaliation claim under Title VII requires proof that plaintiff engaged in "protected activity." Weixel v. Bd. of Educ., 287 F.3d 138, 148 (2d Cir. 2002); Dodd v. City Univ. of New York, 17 Civ. 9932 (PAE), 2018 WL 4284289 at *6 (S.D.N.Y. Sept. 7, 2018) (Engelmayer, D.J.). Protected activity is usually a complaint against illegal discriminatory conduct prohibited by Title VII. See Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 108 (2d Cir. 2011). For example, if a male employee was fired or disciplined because he complained about his employer's discrimination against female employees, the male employee would have a retaliation claim because he suffered an adverse employment action for complaining about conduct that was prohibited by Title VII. In this case, plaintiff claims that she suffered retaliation because she complained that patients

4

were being mistreated by other employees of defendants. If the allegations in the complaint are true, plaintiff's concern for her patients is commendable. However, the mistreatment of patients in a health care facility is not something that Title VII prohibits. Even if defendants retaliated against plaintiff for complaining about deficiencies in patient care, she would not have a viable retaliation claim under Title VII because plaintiff's complaint to her employer did not relate to conduct prohibited by Title VII.

Accordingly, for all the foregoing reasons, plaintiff's motion for the appointment of counsel is denied without prejudice to renewal. Any renewed motion should explain why the case has sufficient merit to warrant the appointment of counsel. The Clerk of the Court is respectfully requested to mark Docket Item 39 closed.[1]

Dated: New York, New York
September 25, 2018

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

---

[1] Although I am denying plaintiff's motion for pro bono counsel, I want to advise plaintiff that there is an organization named New York Legal Assistance Group that provides pro bono attorneys for certain litigants who cannot afford an attorney. An information sheet concerning the organization is annexed hereto.

5

Copy mailed to:

Ms. Lenora Bromfield
66 Washington Terrace
Bridgeport, Connecticut   06604

Copy transmitted to:

Counsel for Defendants



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Civil Litigants in Federal Court in Manhattan and White Plains

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys and paralegals to assist those who are representing themselves or planning to represent themselves in civil lawsuits in the Southern District of New York. The clinic, which is not part of or run by the court, assists litigants with federal civil cases including cases involving civil rights, employment discrimination, labor law, social security benefits, foreclosure and tax.

To make an appointment for a consultation, call (212) 659-6190 or come by either clinic during office hours. Please note that a government-issued photo ID is required to enter either building.

**The clinic offers in-person appointments only. The clinic does not offer assistance over the phone or by email.**

Thurgood Marshall
United States Courthouse
Room LL22
40 Centre Street
New York, NY 10007
(212) 659 6190

Open weekdays
10 a.m. - 4 p.m.
Closed on federal and court holidays

The Hon. Charles L. Brieant Jr.
Federal Building and Courthouse
300 Quarropas St
White Plains, NY 10601
(212) 659 6190

Open Wednesday
1 p.m. - 5 p.m.
Closed on federal and court holidays

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



a beneficiary of
UJA♦Federation
of New York