USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/30/19

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

LENORA BROMFIELD, :

               Plaintiff, : 16 Civ. 10047 (ALC)(HBP)

   -against- : OPINION
                             AND ORDER

BRONX LEBANON SPECIAL CARE :
CENTER, INC., et al.,
                               :
              Defendants.
                               :
-----------------------------------X

        PITMAN, United States Magistrate Judge:

I. Introduction

        By notice of motion dated May 9, 2019, plaintiff seeks reconsideration of my Order, dated April 25, 2019 ("April 25, 2019 Order"), denying her motion for leave to file an amended complaint (Notice of Motion for Reconsideration for Leave to File an Amended Complaint, dated May 9, 2019 (Docket Item ("D.I.") 92)). For the reasons set forth below, plaintiff's motion for reconsideration is denied.

II. Background

        The facts underlying this action are summarized in the April 25, 2019 Order. The reader's familiarity with that deci-

sion is assumed; I recite only those facts relevant to the motion before me.

This is an employment discrimination/retaliation action. Plaintiff was employed by defendant Bronx Lebanon Special Care Center, Inc. for 24 years as a Certified Nursing Assistant and alleges that she was falsely charged with work place misconduct and forced to resign. According to plaintiff, defendants' conduct violated Title VII and the Age Discrimination in Employment Act. She also alleges that she was the victim of disparate treatment, was disciplined more harshly than other employees and that she was subjected to retaliation for complaining about the deficient care of patients.

Plaintiff commenced this action on December 28, 2016 (Compl., dated Dec. 28, 2016 (D.I. 2)). After a series of extensions, I set the close of fact discovery at October 19, 2018 (Order, dated Sept. 12, 2018 (D.I. 64)) and the deadline for summary judgment motions at February 22, 2019 (Order, dated Jan. 30, 2019 (D.I. 77)). On February 7, 2019, pursuant to Judge Carter's Individual Rules of Practice, defendants requested a pre-motion conference in anticipation of their motion for summary judgment (Letter Mot. for Conf., dated Feb. 7, 2019 (D.I. 78)). On February 25, 2019, plaintiff sought leave to file an amended complaint (Notice of Motion, dated Feb. 25, 2019 (D.I. 82)).

In my April 25, 2019 Order, I explained that "[a] court may 'deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant,'" and that "'[t]he burden is on the party who wishes to amend to provide a satisfactory explanation for the delay.'" (April 25, 2019 Order at 7, quoting Cresswell v. Sullivan & Cromwell, 922 F.2d 60, 72 (2d Cir. 1990)). I then concluded that plaintiff's motion for leave to amend, which she filed more than two years after filing her initial complaint, more than four months after the close of fact discovery and after the deadline to file dispositive motions, was untimely (April 25, 2019 Order at 8-9). Specifically, I found that plaintiff failed to offer a satisfactory explanation for her delay (April 25, 2019 Order at 9-10), and that amendment at that late stage of the proceedings would unduly prejudice defendants (April 25, 2019 Order at 10-12, citing Werking v. Andrews, 526 F. App'x 94, 96 (2d Cir. 2013) (summary order) and Morency v. NYU Langone Med. Ctr. Hosp., 15 Civ. 9142, 2017 WL 1536057 at *1, *4 (S.D.N.Y. Apr. 17, 2017) (Buchwald, D.J.)).

Plaintiff has moved, pursuant to Fed.R.Civ.P. 60(b), for reconsideration of my April 25, 2019 Order. Plaintiff argues that I failed to take into account her pro se status and the

3

personal hardships imposed by her prosecution of this action (Memorandum of Law in Support of Motion for Reconsideration for Leave to File an Amended Complaint, dated May 9, 2019 (D.I. 94) ("Pl. Memo.") at 2-3). Specifically, plaintiff notes that she is "not an [a]ttorney trained in the law and procedures," with limited time to perform legal research (Pl. Memo. at 2). Plaintiff also claims that her time is consumed by taking care of her nine-year-old grandson and defending herself in an action to foreclose a mortgage on her home (Pl. Memo. at 3). In all other respects, her motion for reconsideration is almost identical to her original motion for leave to amend.

III. Analysis

A. Applicable Legal Standards

Motions for reconsideration are appropriate only under limited circumstances. As explained by the late Honorable Peter K. Leisure, United States District Judge, in Davidson v. Scully, 172 F. Supp. 2d 458, 461-62 (S.D.N.Y. 2001):

> A motion for reconsideration may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court. See Shrader v. CSX Transp., 70 F.3d 255, 257 (2d Cir. 1995). A party seeking reconsideration "is not supposed to treat the court's initial decision as the opening of a dialogue in which that party may then use

4

> such a motion to advance new theories or adduce new evidence in response to the court's rulings." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 690, 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (Mukasey, J.). Thus, a motion for reconsideration "is not a substitute for appeal and 'may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision.'" Morales v. Quintiles Transnational Corp., 25 F. Supp. 2d 369, 372 (S.D.N.Y. 1998) (citation omitted).

See also Torres v. Carry, 672 F. Supp. 2d 346, 348 (S.D.N.Y. 2009) (Marrero, D.J.); Mahmud v. Kaufmann, 496 F. Supp. 2d 266, 269-70 (S.D.N.Y. 2007) (Conner, D.J.).

"The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked -- matters, in other words, that might reasonably be expected to alter the conclusions reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995); accord In re 650 Fifth Ave. & Related Props., 08 Civ. 10934 (KBF), 2014 WL 3744404 at *1 (S.D.N.Y. July 28, 2014) (Forrest, D.J.), aff'd sub nom., Havlish v. Hegna, 673 F. App'x 34 (2d Cir. 2016) (summary order); see also Quinn v. Altria Grp., Inc., 07 Civ. 8783 (LTS)(RLE), 2008 WL 3518462 at *1 (S.D.N.Y. 2008) (Swain, D.J.) ("A movant for reconsideration bears the heavy burden of demonstrating that there has been an intervening change of controlling law, that new evidence has become available, or that

there is a need to correct a clear error to prevent manifest injustice."), citing Virgin Airways v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992). "These limitations serve to ensure finality and to prevent losing parties from using motions for reconsideration as a vehicle by which they may then plug the gaps of a lost motion with additional matters." In re City of New York, as Owner & Operator of M/V Andrew J. Barberi, CV 03 6049 (ERK)(VVP), 2008 WL 1734236 at *1 (E.D.N.Y. Apr. 10, 2008), citing Zoll v. Jordache Enters. Inc., 01 Civ. 1339 (CSH), 2003 WL 1964054 at *2 (S.D.N.Y. Apr. 24, 2003) (Haight, D.J.); accord Cohn v. Metro. Life Ins. Co., 07 Civ. 928 (HB), 2007 WL 2710393 at *1 (S.D.N.Y. Sept. 7, 2007) (Baer, D.J.).

    B.   Application of the Foregoing Principles

In my April 25, 2019 Order, I considered and rejected plaintiff's argument that her pro se status excused her failure to account for the delay in filing her motion for leave to amend. I explained that although courts afford leniency to pro se litigants with respect to the procedural formalities of litigation, this leniency does not amount to a blanket exemption from timely compliance with procedural requirements (April 25, 2019 Order at 9-10, citing Tracy v. Freshwater, 623 F.3d 90, 101-02

6

(2d Cir. 2010), Baptista v. Hartford Bd. of Educ., 427 F. App'x 39, 43 (2d Cir. 2011) (summary order) and Ndremizara v. Swiss Re America Holding Corp., 93 F. Supp. 3d 301, 309-310 (S.D.N.Y. 2015) (Karas, D.J.). In her motion for reconsideration, plaintiff fails to point to a change in the controlling law or to facts I overlooked that now justify a different conclusion.

Furthermore, because plaintiff raises the same substantive arguments in her motion for reconsideration as she did in her motion for leave to amend, she has failed to meet the strict standard for reconsideration. She merely seeks to "relitigat[e] issues already decided by the Court," Davidson v. Scully, supra, 172 F. Supp. 2d at 461. Courts have consistently rejected parties' attempts to use motions for reconsideration in this manner, and, accordingly, plaintiff's motion for reconsideration is denied.

IV. Conclusion

Because plaintiff has offered no valid reasons to revisit my April 25, 2019 Order denying plaintiff leave to file an amended complaint, plaintiff's motion for reconsideration is

7

denied. The Clerk of the Court is respectfully requested to mark Docket Item 92 closed.

Dated: New York, New York
May 30, 2019

SO ORDERED

*[signature]*
HENRY PITMAN
United States Magistrate Judge

Copy mailed to:

Ms. Lenora Bromfield
66 Washington Terrace
Bridgeport, Connecticut 06604

Copy transmitted to:

Counsel for Defendants