USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 1-30-20

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENORA BROMFIELD,

                Plaintiff,

-against-

BRONX LEBANON SPECIAL CARE
CENTER, INC., ET AL.,

                Defendants.

1:16-cv-10047 (ALC)

ORDER

**ANDREW L. CARTER, JR., United States District Judge:**

Plaintiff Lenora Bromfield, who is proceeding *pro se*, brings this action against Defendants the Bronx Lebanon Special Care Center, Inc., Ms. Mariea Collora, Ms. Oliver Brown and Ms. Yvonne Weatherburn (collectively, the "Defendants"), alleging claims of discrimination and retaliation based on age. *See* ECF No. 2. Before the Court is Plaintiff's objection to Magistrate Judge Pitman's May 30, 2019 ruling, denying Plaintiff's motion for reconsideration concerning her motion to amend her complaint. After careful consideration, Plaintiff is **GRANTED** leave to file an amended complaint.

## BACKGROUND

The facts in this case were set forth in Magistrate Judge's Pitman's April 26, 2019 ruling. *See* ECF No. 89. Accordingly, familiarity with the facts is assumed and the summary to follow will only highlight facts necessary for the objection presently before the Court.

Plaintiff commenced this action on December 28, 2016. ECF No. 2. On September 12, 2018, Judge Pitman entered an order setting the deadline for fact discovery as October 19, 2018 and on January 31, 2019, he set the deadline for seeking leave to file a motion for summary judgment as February 22, 2019. *See* ECF Nos. 64, 77. Plaintiff filed an objection to Judge

1

COPIES MAILED

Pitman's January 31st Order on February 11, 2019, indicating her intent to file an amended complaint. *See* ECF No. 79. Then, on February 25, 2019, Plaintiff filed a motion to amend her complaint. *See* ECF No. 82. Judge Pitman denied said motion on April 26, 2019, concluding that Plaintiff's motion was untimely and unduly prejudicial to defendants. *See* ECF No. 89 at 8-10. Subsequently on May 9, 2019, Plaintiff filed a motion for reconsideration of Judge Pitman's April 26th ruling. *See* ECF No. 92. Judge Pitman denied the reconsideration motion on May 30, 2019, concluding Plaintiff raised the same substantive arguments in her underlying motion and therefore, she had failed to meet the strict standard for reconsideration. *See* ECF No. 97. The Court then entered a briefing schedule concerning Defendants' anticipated motion for summary judgments. *See* ECF No. 100.

On June 13, 2019, Plaintiff filed an appeal from Judge Pitman's May 30th ruling to the Second Circuit and an appeal from the Court's briefing schedule. ECF Nos. 101-02. The following day, on June 14, 2019, Plaintiff filed the present objection to the Court. *See* ECF No. 104. Plaintiff then filed an amended appeal to the Second Circuit on July 25, 2019, *see* ECF No. 105, and two letters on July 29, 2019, and August 14, 2019, requesting that the Court stay the case in light of Plaintiff's appeal to the Second Circuit. ECF Nos. 109, 112. On August 16, 2019, Defendants filed their motion for summary judgment. Thereafter, on October 9, 2019, the Second Circuit issued a mandate denying as moot all of Plaintiff's appeals; "determin[ing] sua sponte that it lacks jurisdiction over [the] appeal[s] because [this Court] ha[d] not issued a final order as contemplated by 28 U.S.C. § 1291." ECF No. 123.

## LEGAL STANDARD

When presented with objections to an order issued by a magistrate judge concerning a nondispositive matter, the Court "shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The magistrate judge's findings may be considered "clearly erroneous" when "on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (quoting *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)) (internal quotation marks omitted). An order is "contrary to law" when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Thompson v. Keane*, No. 95 Civ. 2442, 1996 WL 229887, at *1 (S.D.N.Y. May 6, 1996) (quoting *Securities and Exchange Comm'n v. Thrasher*, No. 92 Civ. 6987, 1995 WL 456402 at *12 (S.D.N.Y. Aug. 2, 1995)) (internal quotation marks omitted).

## DISCUSSION

Local Rule 6.3 provides the standard for a motion for reconsideration. This District has repeatedly stated that a motion for reconsideration "is an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Sigmon v. Goldman Sachs Mortgage Co.*, 229 F. Supp. 3d 254, 257 (S.D.N.Y. 2017) (citations omitted); *see also Word v. Croce*, No. 00 Civ. 6496, 2001 WL 755394, at *3 (S.D.N.Y. July 5, 2001) (citations omitted) ("Local Rule 6.3 should be narrowly construed and strictly applied . . ."). "A motion for reconsideration should be granted only when the [movant] identifies an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable*

3

*Trust*, 729 F.3d 99, 104 (2d Cir. 2013). Accordingly, a motion for reconsideration should be denied if the moving party seeks to present "the case under new theories" or otherwise take a "second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (citation omitted); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (a motion for reconsideration should be denied when "the moving party seeks solely to relitigate an issue already decided.").

Pursuant to Federal Rules of Civil Procedure 15(a)(1) a party may amend its complaint once without leave of court up to 21 days after the service of either a responsive pleading or various Fed. R. Civ. P. 12 motions. *See* Fed. R. Civ. P. 15(a)(1). After that time has expired, any amendment requires the consent of the opposing parties or leave of court. *See* Fed. R. Civ. P. 15(a)(2). Rule 15(a)(2) states "the court should freely give leave when justice so requires." *Id.* The Supreme Court has instructed that "this mandate is to be heeded." *Foman v. Davis*, 371 U.S. 178, 182 (1962). The Second Circuit has further explained "the 'permissive standard' of Rule 15 'is consistent with our strong preference for resolving disputes on the merits.'" *Loreley Fin. (Jersey) No. 3 Ltd. v. Wells Fargo Sec., LLC*, 797 F.3d 160, 190 (2d Cir. 2015) (quoting *Williams v. Citigroup Inc.*, 659 F.3d 208, 212–13 (2d Cir.2011). However, it is ultimately "within the sound discretion of the court whether to grant leave to amend." *John Hancock Mut. Fife Ins. Co. v. Amerford Int'l Corp.*, 22 F.3d 458, 462 (2d Cir. 1994) (citing *Foman*, 371 U.S. at 178). Where "the moving party has unduly delayed or acted in bad faith, the opposing party will be unfairly prejudiced if leave is granted, or the proposed amendment is futile" courts in this circuit have denied motions to amend a complaint. *Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 452 (S.D.N.Y. 2016).

Here, Plaintiff argues reconsideration should have been granted considering she obtained new supporting evidence during discovery, her delay was not substantial, she is *pro se* and she is facing difficult personal issues that prevented her from seeking leave to amend her complaint at an earlier date. In her proposed amended complaint, she seeks to add additional factual allegations, a Defendant named Grace Baptiste and a cause of action of race discrimination under 42 § 1981. In response, Defendants assert leave should not be granted because Plaintiff's application is both untimely and unduly prejudicial to Defendants.

Pursuant to Supreme Court and Second Circuit precedent, the Court must liberally construe *pro se* pleadings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009); *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006). Further, *pro se* litigants are afforded leniency as it relates to procedural formalities. *See Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010). Courts in this Circuit, as a result, generally grant *pro se* litigants leave to amend despite their failure to timely file such a motion. *See Olaf Soot Design, LLC v. Daktronics, Inc.*, 299 F. Supp. 3d 395, 400 (S.D.N.Y. 2017). In this case, Plaintiff's delay was not significant. *See Agerbrink v. Model Serv. LLC*, 155 F. Supp. 3d 448, 453 (S.D.N.Y. 2016) (collecting cases). In fact, discovery issues were still in the process of being resolved on November 2, 2018, *see* ECF No. 75, and Plaintiff indicated her intent to amend her Complaint a little over 3 months later on February 11, 2019. ECF No. 79. Moreover, contrary to Judge Pitman's conclusion, Plaintiff did provide a satisfactory explanation for her delay—namely, her limited understanding of the law and personal hardships. The Court finds these factors weigh strongly in favor of granting Plaintiff leave to amend her Complaint.

Although it is true that granting leave to amend will prejudice the Defendants, in so far as additional discovery may need to be taken, Plaintiff only indicated her desire to seek leave a couple days after Defendants commenced summary judgment proceedings. Accordingly, the Court finds that any such prejudice would not be unduly prejudicial. *A.V. by Versace, Inc. v. Gianni Versace S.p.A.*, 87 F. Supp. 2d 281, 299 (S.D.N.Y. 2000) (quoting *Foman*, 371 U.S. at 182, 83 S.Ct. 227) ("However, prejudice alone is insufficient to justify a denial of leave to amend; rather, the necessary showing is '*undue* prejudice to the opposing party.'"); *see also Agerbrink*, 155 F. Supp. 3d at 454–56. Contrary to Defendants' position that Plaintiff's amendments are based on entirely new theories of liabilities, Plaintiff's initial complaint includes some language that should have put Defendants' on notice of a possible race based discrimination claim. Specifically, Plaintiff alleges "Defendant Olive Brown would show blatant disrespect and invidious discriminatory animus towards Plaintiff commanding Plaintiff to go back to work as though a 17th century slave in America." Compl. ¶ 19. Although such language is not sufficient to state a cause of action based on racial discrimination, it does implicate unequal treatment based on race and therefore Defendants could have previously pursued discovery related to defending such a claim. *See Agerbrink*, 155 F. Supp. 3d at 454-56. In addition, because a trial date has not been set, any further discovery will not significantly delay the resolution of this dispute. *See Olaf Soot Design, LLC v. Daktronics, Inc.*, 299 F. Supp. 3d 395, 399–400 (S.D.N.Y. 2017) (collecting cases).

## CONCLUSION

For the reasons set forth above, Plaintiff is **GRANTED** leave to amend her complaint. Plaintiff must file an amended complaint on or before **February 28, 2020**. Accordingly,

Defendants' motion for summary judgment is **DENIED** as moot. In addition, Plaintiff's motion to stay the proceeding in light of her appeal is **DENIED** as moot.

**SO ORDERED.**

**Dated: January 30, 2020**
  New York, New York

**ANDREW L. CARTER, JR.**
**United States District Judge**