UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENORA BROMFIELD,

                 Plaintiff,

against

BRONX LEBANON SPECIAL CARE CENTER, INC., et al.,

                 Defendants.

CIVIL ACTION NO.: 16 Civ. 10047 (ALC) (SLC)

**AMENDED OPINION & ORDER CONCERNING PRO BONO COUNSEL**

**SARAH L. CAVE,** United States Magistrate Judge.

## I.    INTRODUCTION

By motion dated March 3, 2020, Plaintiff Lenora Bromfield submitted her fourth application for pro bono counsel. (ECF No. 128 (the "Fourth Application")). On April 24, 2020, the Court granted her application. (ECF No. 137). In light of Defendants' answer to the Amended Complaint (ECF No. 145), the Court's grant of the Fourth Application is AMENDED insofar as the Clerk of Court is respectfully directed to seek pro bono counsel to enter a limited appearance to assist Plaintiff Lenora Bromfield for settlement negotiation purposes only. Counsel is asked to file a Notice of Limited Appearance as Pro Bono Counsel for settlement purposes only.

## II.    BACKGROUND

### A.  Procedural Background

On December 28, 2016, Bromfield commenced this action alleging claims for employment discrimination and retaliation. (ECF No. 2). On August 14, 2017, Defendants answered the Complaint. (ECF No. 23). Bromfield applied for pro bono counsel on July 6, 2017 (ECF No. 20), and again on February 27, 2018 (ECF No. 39). On March 30, 2018, the Honorable Andrew L.

Carter, Jr. denied her first application "without any consideration of the merits to the second application." (ECF No. 42). On September 25, 2018, the Honorable Henry B. Pitman denied Bromfield's second application without prejudice to renewal, specifying that the "renewed motion should explain why the case has sufficient merit to warrant the appointment of counsel." (ECF No. 65 at 5 (the "Second Denial Order")).

On October 8, 2018, Bromfield moved for reconsideration of the Second Denial Order. (ECF Nos. 68–69, 71). On November 2, 2018, Judge Pitman issued an order denying Bromfield's request for reconsideration but granting pro bono counsel solely for purposes of settlement negotiations, if the Clerk of Court was able to locate counsel for Bromfield. (ECF No. 75 at 2). On December 12, 2018, four individuals from Seton Hall University School of Law's Conflict Management Program filed a notice of limited appearance as pro bono counsel for Bromfield. (ECF No. 76). On January 28, 2019, those individuals represented Bromfield at an unsuccessful settlement conference.

On February 7, 2019, Defendants requested a pre-motion conference with respect to their anticipated motion for summary judgment. (ECF No. 78). On February 25, 2019, Bromfield moved to file an amended complaint, which Defendants opposed. (ECF Nos. 82–86). On March 20, 2019, Judge Carter granted Bromfield leave to file an amended complaint and granted Defendants leave to re-file their request for leave to file a motion for summary judgment once Bromfield's motion to amend was decided. (ECF No. 87). On April 26, 2019, Judge Pitman denied Bromfield's motion to amend her Complaint. (ECF No. 89 (the "Amendment Order")). On May 9 and 24, 2019, Bromfield filed a motion for reconsideration of the Amendment Order. (ECF Nos. 92–96). On May 30, 2019, Judge Pitman denied her motion for reconsideration. (ECF No. 97 (the

"Reconsideration Order")). The parties then briefed Defendants' motion for summary judgment. (ECF Nos. 98, 100, 108, 113–18).

Bromfield filed a notice of appeal and an amended notice of appeal of the Reconsideration Order. (ECF Nos. 102, 104–05). On October 9, 2019, the Second Circuit denied her appeal for lack of jurisdiction. (ECF No. 123). On August 5, 2019, construing the notice of appeal as a motion for reconsideration of the Reconsideration Order, Judge Carter set a briefing schedule. (ECF No. 110). On October 3, 2019, this case was reassigned to the undersigned to supervise general pretrial matters.

On January 3, 2020, Judge Carter granted Bromfield leave to amend her Complaint and denied Defendants' motion for summary judgment as moot. (ECF No. 124). On February 12, 2020, Bromfield again applied for pro bono counsel, which this Court denied without prejudice to renewal after Bromfield filed her amended Complaint. (ECF Nos. 125–26). On February 26, 2020, Bromfield filed her amended Complaint (the "Amended Complaint") (ECF No. 127), and on March 3, 2020, Bromfield filed the Fourth Application. (ECF No. 128). On May 27, 2020, Defendants answered the Amended Complaint. (ECF No. 145).]

**B. Factual Background From the Amended Complaint**

Bromfield alleges that she was employed by Defendant Bronx Lebanon Special Care Center, Inc. ("Bronx Lebanon") for 24 years as a Certified Nursing Assistant ("CNA"), falsely charged with workplace misconduct, and forced to resign. (ECF No. 127 ¶¶ 6, 22–23). According to Bromfield, Defendants' conduct violated 42 U.S.C. § 1981, Title VII of the Civil Rights Act of 1964 ("Title VII"), and the Age Discrimination in Employment Act of 1967. (Id. ¶ 2). Bromfield

alleges that Defendant Maria Collura discriminated against her because Bromfield is female, Black, and was over the age of 40 at the time of her constructive discharge. (Id. ¶¶ 1, 4, 6, 43).

Bromfield alleges that because she is a Black female over 40, Defendants fraudulently accused her of injuring a resident-patient on March 17 or 18, 2016 (the "March 2016 Incident"). (ECF No. 127 ¶ 4). Bromfield alleges the resident-patient was injured on March 20, 2016, but Bromfield was accused of causing the injury on March 17 or 18, 2016. (Id.) Defendants covered up the actual facts underlying the injury. (Id. ¶ 5). As a result of the March 2016 Incident, Defendants subjugated Bromfield to a hostile work environment, treated her differently, and harassed her. (Id. ¶ 6). Following the March 2016 Incident, she was suspended for nearly two weeks and told that she could resign and keep her benefits or be fired on the spot. (Id. ¶¶ 69–74, 120). Bromfield reluctantly decided on April 19, 2016 to resign. (Id. at 74).

Bromfield alleges that a hostile work environment existed before and after the March 2016 Incident because of Collura's racial animus against her, which manifested as suspensions without cause that were then rescinded due to a lack of evidence. (ECF No. 127 ¶¶ 29, 31–34, 56–57, 59).

Bromfield alleges that she was treated differently than comparators. After the March 2016 Incident, Collura suspended Bromfield pending an investigation into the incident, but not any other CNAs who were similarly situated and assigned to work in the same room in which the incident occurred around the same time. (ECF No. 127 ¶¶ 62, 87, 89, 92, 118). Bromfield alleges that on March 19, 2016, Defendant Grace Baptiste worked in the same room and with the same resident-patients as Bromfield, but the other Defendants helped Baptiste fabricate a lie regarding the March 2016 Incident. (Id. ¶¶ 152–56). In addition, non-party fact witnesses, CNAs Janice

Hamilton and Melissa Santos, also worked in the same room where the March 2016 Incident occurred around the same dates but were not treated like Bromfield. (Id. at 25). Bromfield alleges that Defendants sought to blame her for the March 2016 Incident even though she was not involved and they do not know who worked the shift on which the resident-patient was injured. (Id. ¶ 92–95).

Bromfield alleges that during discovery in this litigation she found out that the March 2016 Incident was indeed reported to the Defendants by Santos, who reported that the resident-patient injured during the March 2016 incident was injured on March 20, 2016 as Bromfield claims, not March 17 or 18, 2016 as Defendants claim. (ECF No. 127 ¶ 77).

Bromfield alleges that before her termination, Collura, Baptiste, and Defendant Olive Brown retaliated against her for reporting that Baptiste slept during work hours, because Brown and Baptiste are "very close friends." (ECF No. 127 ¶¶ 44–47). In addition, Bromfield alleges that she was retaliated against for making written and verbal complaints to Brown regarding substandard care, short staffing, and other nurses' failures to provide care to resident-patients at Bronx Lebanon. (Id. ¶¶ 48–50). Bromfield alleges she was also retaliated against for requesting a transfer out of her unit so that she would not work with Baptiste. (Id. ¶ 50). Bromfield alleges that after she complained of substandard care and lack of adequate staffing, Brown retaliated with comments such as commanding Bromfield "to go back to work as though [Bromfield was] a 17th century slave in America." (Id. ¶ 53). Despite her protestations, Bromfield was forced to continue working with Baptiste and Brown. (Id. ¶¶ 53, 55).

Bromfield alleges that Collura, Brown, and Defendant Yvonne Weatherburn, as "policy makers and managers," acted under the authority of Bronx Lebanon, which is liable for Collura,

5

Brown, Weatherburn, and Baptiste's conduct and omissions under "the doctrine of Respondent Superior." (ECF No. 127 ¶¶ 164, 168).

### III.     LEGAL STANDARDS

Pursuant to Supreme Court and Second Circuit precedent, the Court must liberally construe pro se pleadings. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Harris v. Mills, 572 F.3d 66, 72 (2d Cir. 2009); Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 474–75 (2d Cir. 2006).

Unlike in criminal cases, civil litigants unable to pay for counsel do not have a constitutional right to counsel. Davila v. Doar, No. 07 Civ. 5767 (SHS) (DF), 2008 WL 4695004, at *2 (S.D.N.Y. Oct. 22, 2008); Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986). The Court may grant pro bono counsel to a person who cannot afford one if her "'position seems likely to be one of substance.'" Davila, 2008 WL 4695004, at *2 (quoting Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997)). Even if a court does believe that a litigant should have free counsel, under the in forma pauperis statute, a court has no authority to "appoint" counsel, but instead may only "request" that an attorney volunteer to represent a litigant. Mallard v. U.S.Dist. Ct. for the S. Dist. of Iowa, 490 U.S. 296, 301–310 (1989); 28 U.S.C. § 1915(e)(1). Moreover, for the good of the public and because courts do not have funds to pay counsel in civil matters, courts must request the services of pro bono counsel sparingly and preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. Cooper v. A. Sargenti Co., Inc., 877 F.2d 170, 172–73 (2d Cir. 1989). As noted fifteen years ago by the Court of Appeals:

> Courts do not perform a useful service if they appoint a volunteer lawyer to a case which a private lawyer would not take if it were brought to his or her attention. Nor do courts perform a socially justified function when they request the services of a volunteer lawyer for a meritless case that no lawyer would take were the plaintiff not [unable to pay].

Id. at 174.

Each application for pro bono counsel must be decided on its own facts. Hodge, 802 F.2d at 61. The court must consider "the merits of plaintiff's case, the plaintiff's ability to pay for private counsel, [the plaintiff's] efforts to obtain a lawyer, the availability of counsel, and the plaintiff's ability to gather the facts and deal with the issues if unassisted by counsel." Cooper, 877 F.2d at 172; Hodge, 802 F.2d at 60–62 (the Court should consider the litigant's ability to investigate the facts, need for cross-examination, complexity of the issues, and any special reason why pro bono counsel would more likely lead to a just determination). Of these, "[t]he factor which command[s] the most attention [is] . . . the merits." Cooper, 877 F.2d at 172.

The Second Circuit has stated that pro bono "counsel is often unwarranted where the [pro se litigant's] chances of success are extremely slim, and advised that a district judge should determine whether the pro se litigant's position seems likely to be of substance, or showed some chance of success." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 204 (2d Cir. 2003) (internal citation omitted). It is important that "[pro se] litigants seeking [pro bono] counsel [] first pass the test of likely merit." (Id.) (internal citation omitted).

Although the Court should not grant an application for pro bono counsel "indiscriminately," a plaintiff need not demonstrate that her claims would survive a motion to dismiss or for summary judgment, but need only satisfy a "threshold showing of merit." Hendricks, 114 F.3d at 393–94.

## IV.   DISCUSSION

Bromfield declares that at the commencement of this litigation she sought assistance from five different law firms but did not have the money to retain representation. (ECF No. 128

7

at 2). Based on her declaration, under penalty of perjury, and her four applications for pro bono counsel, the Court has a sufficient basis on which to conclude that she lacks the financial resources to retain counsel and has diligently sought counsel on her own.

The Court denied Bromfield's second application for pro bono counsel with leave to renew because there were "serious issues with the case." (ECF No. 65 at 3). Bromfield did not allege "comments by defendants or others suggesting animus against any members of a protected class and she [did] not cite with specificity any comparators who were treated more favorably than she was," leaving her Complaint lacking facts to support an "inference of illegal discrimination." (Id. at 3–4). In addition, her retaliation claim lacked proof of a protected activity. See Arroyo-Horne v. City of New York, No. 16 Civ. 3857 (MKB) 2018 WL 4259866 at *15 (E.D.N.Y. Sept. 5, 2018) ("Title VII bars retaliation by an employer against an employee because the employee 'has opposed any practice made an unlawful employment practice' under Title VII.") (quoting 42 U.S.C. § 2000e-(3)(a)); see also Rojas v. Roman Catholic Diocese of Rochester, 660 F.3d 98, 108 (2d Cir. 2011) (protected activity is usually a complaint against illegal discriminatory conduct prohibited by Title VII); see also Weixel v. Bd. Of Educ., 287 F.3d 138, 148 (2d Cir. 2002) (retaliation claim under Title VII requires proof that plaintiff engaged in "protected activity"). Bromfield only claimed retaliation over complaints of patient mistreatment, which is not protected under Title VII. (ECF No. 65 at 4–5).

The Court denied Bromfield's third application with leave to renew after filing the Amended Complaint because she asserted merely "that she requires pro bono counsel because she does not understand the terms used by the Court, does not have money to retain an attorney,

and was forced to resign against her will." (ECF No. 126 at 2). The Court told her to include in her renewed application a showing that her Amended Complaint was likely meritorious. (Id.)

Although, in her Fourth Application, Bromfield's arguments once again fail to meet the merit standard, her Amended Complaint, liberally construed, pleads claims that are likely to be of substance. In the Fourth Application, she requests pro bono counsel because she was illegally and wrongfully discharged from her employment with Bronx Lebanon after 24 years of service, but she provides no facts tying her discharge to Title VII. (ECF No. 128 at 1). Likewise, the Amended Complaint provides little support for her retaliation claims. (See ECF No. 127). Her allegations of retaliation for reporting that Baptiste slept during work hours and for her complaints regarding substandard care fail for the same reasons they did in 2018, lacking proof of protected activity. (Id. ¶¶ 44–50). The activities for which she claims retaliation (reporting poor nursing skills, mistreatment of patients, and requesting a transfer) are not protected under Title VII. (Id. ¶¶ 44–50, 53).

In her Amended Complaint, however, Bromfield has pled that she belongs to a protected class, has suffered an adverse employment action because of illegal discriminatory animus, and suffered specific instances of that animus and adverse action. See Fisher v. Vassar College, 114 F.3d 1332, 1335–37 (2d Cir. 1997) (en banc). Bromfield has pled that she has the protected statuses of being female, African-American, and over the age of 40 at the time of her termination. (ECF No. 127 ¶¶ 1, 4, 6, 43). She also provides examples of when she was treated differently than her comparators, in particular her numerous suspensions before the March 2016 Incident and her suspension after the March 2016 Incident, while her comparable co-workers were not suspended. (Id. ¶¶ 29, 31–34, 56–57, 59, 62, 87, 89, 92, 118, 152–58; ECF No. 127 at 25). She

claims that the animus based on her protected classes led to her constructive discharge. (Id. ¶¶ 1, 4, 6, 43). Accordingly, liberally construing the expanded facts pled in Bromfield's Amended Complaint, the Court concludes Bromfield has met the merits threshold as to at least some of her claims.

Thus far, apart from the limited representation for the failed settlement negotiations, Bromfield has litigated this four-year-old case without the assistance of counsel, navigating discovery disputes, overcoming Defendants' motion for summary judgment, and successfully moving to amend the Complaint. (See supra section II.A). However, as evidenced by her multiple applications for pro bono counsel that failed to comply with the Court's instructions to identify the merits of her claim, Bromfield has demonstrated difficulty in developing her claims. In addition, her erroneous appeal to the Second Circuit, numerous discovery filings, and communications to the Court evidence her lack of understanding of what is required of her in this litigation. While Bromfield has managed her side of this litigation for the last four years, based on the Court's review of her submissions to date, the Court is doubtful that Bromfield will be able to meaningfully move forward in this litigation without counsel. Although the legal issues presented in this case may not be unduly complex, the Court believes that Bromfield will have trouble understanding and arguing those issues as the case progresses, as she did in her Complaint and prior applications for pro bono counsel. Accordingly, for "a quicker and more just result" of Bromfield's claims, the Court finds that it is reasonable and appropriate to grant Bromfield's Fourth Application. Hodge, 802 F.2d at 61.

Given the current COVID-19 pandemic, which has constrained the already-limited availability of pro bono counsel, the Court will request that counsel appear for the limited purpose of assisting Bromfield for settlement only.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Plaintiff's case.  The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship.  See http://www.nysd.circ2.dcn/docs/prose/pro_bono_fund_order.pdf.

Pro bono counsel will not be obligated to assist with any aspect of Bromfield's representation beyond the matters described in this Order.  In particular, pro bono counsel will not be required to respond to a dispositive motion or a discovery motion.  In the event that Defendants file a dispositive motion or discovery motion, pro bono counsel may seek appropriate relief, including an extension of Bromfield's time to respond, or an expansion of pro bono counsel's role to include responding to the motion.  Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Bromfield will end upon completion of settlement negotiations, even if such negotiations prove unsuccessful.

On the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Bromfield in this action will terminate, and pro bono counsel will have no further obligations or responsibilities to Bromfield or to the Court in this action.

Until pro bono counsel volunteers, Bromfield is reminded that she may seek assistance from the New York Legal Assistance Group.  Additional information can be found online at nylag.org; by calling 212-613-5000; or by emailing info@nylag.org.  In addition, the United States

District Court for the Southern District of New York has a Pro Se Intake Unit with information to assist individuals who are representing themselves in the Southern District without the assistance of an attorney. Additional information can be found online at nysd.uscourts.gov/prose; by calling at 212-805-0175; or emailing Temporary_Pro_Se_Filing@nysd.uscourts.gov. Bromfield is notified that the SDNY Pro Se Intake Unit will only temporarily accept emails as a response to the COVID-19 pandemic and will cease accepting emails once the pandemic subsides.

In addition, Bromfield is strongly encouraged to consent to receiving electronic service of case activity through notifications sent by email from the Court's Electronic Case Filing system by submitting the Consent to Electronic form found online at https://nysd.uscourts.gov/forms/consent-electronic-service-pro-se-cases.

### V. CONCLUSION

For the reasons stated above, Bromfield's Fourth Application for pro bono counsel is GRANTED. The Clerk of Court is respectfully directed to attempt to locate pro bono counsel to represent Bromfield for the limited purpose of settlement negotiations only. The Court advises Bromfield that there are no funds to retain counsel in civil cases and the Court relies on volunteers. Due to a scarcity of volunteer attorneys, particularly given the COVID-19 pandemic, a lengthy period of time may pass before counsel volunteers to represent Bromfield. If an attorney volunteers, the attorney will contact Bromfield directly. There is no guarantee, however, that a volunteer attorney will decide to take the case, and Bromfield should be prepared to proceed with the case without an attorney.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an

appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).  The Clerk of Court is respectfully directed to mail a copy of this Order to Bromfield at the address below.

Dated: New York, New York
August 6, 2020

SO ORDERED

*Sarah L. Cave*
**SARAH L. CAVE**
**United States Magistrate Judge**

Mail To: Lenora Bromfield
66 Washington Terrace
Bridgeport, CT 06604