UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENORA BROMFIELD,

                Plaintiff,

against

BRONX LEBANON SPECIAL CARE CENTER, INC., et al.,

                Defendants.

CIVIL ACTION NO.: 16 Civ. 10047 (ALC) (SLC)

**ORDER DENYING RECONSIDERATION**

**SARAH L. CAVE,** United States Magistrate Judge.

## I. Background

On October 8, 2020, the Court set a schedule ("Scheduling Order") for Defendants to file a consolidated response to Plaintiff's outstanding discovery disputes, and for Plaintiff to reply to Defendants' consolidated response. (ECF No. 184). Plaintiff seeks reconsideration (See ECF Nos. 188–89) of the portion of the Scheduling Order that denied without prejudice Plaintiff's application in support of, and seeking judicial notice of, her pleadings (filed at ECF Nos. 172–75). As the Court noted in the Scheduling Order, Plaintiff's requests are denied without prejudice "and will be revisited in connection with dispositive motions and/or trial." (ECF No. 184 at 2 (emphasis added)). For the reasons that follow, Plaintiff's Motion for Reconsideration of the Scheduling Order is DENIED.

## II. Reconsideration Standard

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration. Local Civ. R. 6.3. Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake,

>inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester Cty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61 (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Defense, 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). It is not a way to "advance new facts, issues or arguments not previously presented to the Court." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted). The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

### III. Discussion

Plaintiff has not met her burden of establishing that exceptional circumstances warrant reconsideration of the Court's Scheduling Order. In moving for reconsideration, Plaintiff argues that the Court erred in not taking judicial notice of the matters within her filings, which she argues is mandated by Federal Rule of Evidence 201. While Plaintiff is correct that Federal Rule of Evidence 201 <u>permits</u> the Court to take judicial notice of certain matters, she is <u>incorrect</u> about the timing at which the Court would do so. The point in the litigation at which the Court would take judicial notice of such facts is when presented with a dispositive motion, such as a motion for summary judgment under Fed. R. Civ. P. 56, or in the final pretrial order. <u>See</u>, <u>e.g.</u>, <u>Bridgeway Corp. v. Citibank</u>, 45 F.Supp.2d 276 at * 288 n. 2 (S.D.N.Y. 1999) (taking judicial notice at the summary judgment stage of "generally known" adjudicative facts within the Court's territorial jurisdiction, including facts pertaining to matters of history and politics); <u>Hart v. RCI Hospitality Holdings, Inc.</u>, 90 F.Supp.3d 250, 275–76 (S.D.N.Y. 2015) (in ruling on motions *in limine* shortly before trial in FLSA matter, determining that prior court decisions would be admissible through judicial notice).

### IV. Conclusion

Plaintiff's Motion for Reconsideration of the Scheduling Order is DENIED. Plaintiff is reminded that the Court's Scheduling Order denied her application in support of her pleadings <u>without prejudice</u>, and noted that it can be revisited in connection with dispositive motion practice and/or trial. (ECF No. 184). Plaintiff is also reminded that the Scheduling Order affords her an opportunity to reply to Defendants' consolidated response concerning outstanding discovery disputes by **Thursday, November 5, 2020**. (<u>Id.</u>)

The Clerk of Court is respectfully directed to mark ECF No. 188 closed and to mail a copy of this Order to Ms. Bromfield at the address below.

Dated:     New York, New York
           October 26, 2020

                                        SO ORDERED

                                        _____
                                        SARAH L. CAVE
                                        **United States Magistrate Judge**

Mail To:    Lenora Bromfield
            66 Washington Terrace
            Bridgeport, CT 06604