UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENORA BROMFIELD,

                Plaintiff,

-v-

BRONX LEBANON SPECIAL CARE CENTER, INC., et al.,

                Defendants.

CIVIL ACTION NO.: 16 Civ. 10047 (ALC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

On August 6, 2020 the Court issued an amended Opinion and Order ("August 6 Order") directing the Clerk of Court to seek pro bono counsel to assist Plaintiff pro se Lenora Bromfield with settlement negotiations only. (ECF No. 162). The August 6 Order recounted the numerous prior applications for pro bono counsel and granted limited pro bono counsel "for 'a quicker and more just result' of Bromfield's claims." (ECF No. 162 at 10) (citing Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)). The Court limited the scope of pro bono counsel's appearance because of the COVID-19 pandemic, which the Court noted, "has constrained the already-limited availability of pro bono counsel." (Id. at 11). The Court also noted that until pro bono counsel volunteers, plaintiff may seek assistance from the New York Legal Assistance Group. (Id.) On August 20, 2020, Plaintiff moved for reconsideration of the August 6 Order, (see ECF Nos 166–68), which will be ruled on in due course, and on October 15, 2020, plaintiff again renewed her application for pro bono counsel, (ECF No. 186), an application which the Court denied as duplicative of the motion for reconsideration. (ECF No. 187).

It has been brought to the Court's attention that Ms. Bromfield has been unresponsive to outreach by potential pro bono counsel. Accordingly, considering scarce judicial resources and

the limited number of volunteer lawyers, especially given the current COVID-19 pandemic, the Court VACATES the order appointing pro bono counsel (ECF No. 162).  See Griffin v. City of New York Correctional Com'r, 882 F.Supp. 295, 297 (E.D.N.Y. 1995) (vacating appointment of pro bono counsel and dismissing action where plaintiff, by absconding, "would doubtlessly frustrate the efforts of appointed pro bono counsel to communicate with his client and represent [plaintiff's] interests."); Cf. Witek v. City of New York, No. 12-cv-981 (CBA) (VVP), 2015 WL 9640132 at * 9 (E.D.N.Y. 2015) (denying motion for appointment of pro bono counsel for plaintiff who has "proven unwilling and unable to work with counsel" because "[t]he Court will not waste this district's scarce pro bono resources on a client who will not cooperate with or benefit from representation by counsel.") (citing Barnes v. Alves, 10 F.Supp. 3d 382, 385 (W.D.N.Y. 2014); Davidson v. Scully, No. 83 Civ. 2025 (DNE), 1984 WL 1360 at * 4 (S.D.N.Y. Dec. 18, 1984)); Kearney v. Fischer, No. 10-cv-6202 (FPG), 2014 WL 1379541 at * 2 (W.D.N.Y. 2014) (denying application for pro bono counsel after plaintiff elected not to cooperate with prior pro bono counsel, who the court subsequently relieved).

      The Clerk of Court is respectfully directed to mail a copy of this Order to Ms. Bromfield at the address below.

Dated:      New York, New York
               November 20, 2020

                                                    SO ORDERED

*[signature: Sarah Cave]*

                                                  **SARAH L. CAVE**
                                                  **United States Magistrate Judge**

3

Mail To:	Lenora Bromfield
	66 Washington Terrace
	Bridgeport, CT 06604