UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENORA BROMFIELD,

                Plaintiff,

-v-

BRONX LEBANON SPECIAL CARE CENTER, INC., et al.,

                Defendants.

CIVIL ACTION NO.: 16 Civ. 10047 (ALC) (SLC)

**ORDER DENYING MOTION FOR RECONSIDERATION**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is the motion of Plaintiff Lenora Bromfield (ECF No. 166) for reconsideration of the Court's August 6, 2020 amended Opinion and Order (the "Opinion & Order") concerning pro bono counsel, which granted her application for pro bono counsel for the limited purpose of settlement negotiations (the "Motion"). (ECF No. 162). The Court has since vacated the Opinion & Order due to Bromfield's non-responsiveness to outreach by potential pro bono counsel. (ECF No. 196). For the reasons set forth below, Bromfield's motion for reconsideration is DENIED.

                **I.    BACKGROUND**

Given the lengthy history of this action, the Court assumes familiarity with the background of this case and includes only those facts relevant to this Order. A comprehensive recitation of the prior procedural history is set forth in the Opinion & Order. (ECF No. 162).

In the Opinion & Order, the Court directed the Clerk of the Court to attempt to locate pro bono counsel to represent Bromfield for the limited purpose of settlement negotiations only. (ECF No. 162 at 12). The Opinion & Order recounted the numerous prior applications for pro

1

bono counsel and granted limited pro bono counsel, seeking to advance "'a quicker and more just'" resolution of Bromfield's claims. (Id. at 10) (citing Hodge v. Police Officers, 802 F.2d 58, 61 (2d Cir. 1986)). The Court limited the scope of pro bono counsel's appearance because of the COVID-19 pandemic, which the Court noted, "has constrained the already-limited availability of pro bono counsel." (Id. at 11). The Court also advised Bromfield that there was no guarantee that an attorney would decide to take her case and that she "should be prepared to proceed with the case without an attorney." (Id. at 12). The Court certified that any appeal from the Opinion & Order "would not be taken in good faith" and therefore denied in forma pauperis status for the purpose of an appeal. (Id. at 12–13).

On August 20, 2020, Bromfield filed the Motion asking that the Opinion & Order be rescinded or vacated and allowing her to be represented by pro bono counsel not limited to settlement negotiations. (ECF Nos. 166–68). Bromfield argues that the Court's Opinion & Order "misstated essential facts in [her] Amended Complaint" and "overlooked exhibited documentary evidence." (ECF No. 166 at 1). In addition, Bromfield argues that the Court failed to take into account her Reply, filed at ECF No. 151, to Defendants' Answer to her Amended Complaint, filed at ECF No. 145, which would have shown that her claims had merit and were "ripe for a jury trial." (ECF No. 167 at 2). Subsequently, on October 15, 2020, Bromfield again renewed her application for pro bono counsel (ECF No. 186), which the Court denied as duplicative of the Motion. (ECF No. 187).

On November 20, 2020, the Court vacated the Opinion & Order, after it was "brought to the Court's attention that Ms. Bromfield has been unresponsive to outreach by potential pro

2

bono counsel." (ECF No. 196 at 1). The Court noted that especially in light of the current COVID-19 pandemic, there is a scarcity of judicial resources such as volunteer attorneys. (Id. at 1–2).

## II. LEGAL STANDARD

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration. Local Civ. R. 6.3. Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester Cty., No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61, (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). It is not

a way to "advance new facts, issues or arguments not previously presented to the Court." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted).  The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

### III.   DISCUSSION

The Court has carefully reviewed Bromfield's submissions and concludes that, even under a liberal interpretation of her Motion, she has failed to allege facts demonstrating that any of the clauses of Rule 60(b) apply or that extraordinary circumstances warrant reconsideration of the Court's Opinion & Order under Rule 60(b)(6).  The Motion raises the same arguments presented in the Amended Complaint and in previous applications for pro bono counsel, arguing only that the Court "misstated essential facts in [her] Amended Complaint" and "overlooked exhibited documentary evidence."  (ECF No. 166 at 1).  However, Bromfield has not demonstrated in her Motion that the Court overlooked any "controlling decisions or data" with respect to its Opinion & Order granting pro bono counsel for settlement negotiations only.  Shrader, 70 F.3d at 257. Bromfield simply reiterates that she was "wrongfully discharged or terminated from employment," (ECF No. 167 at 1), and that she "has a legitimate case that can be won on the merits."  (ECF No. 168 at 3).  Bromfield argues that "[g]iven that limited discovery has y[i]elded some positive results," pro bono counsel should be allowed to assist her with continued discovery efforts since "more discovery is required to seal this case." (Id. at 2).  Here, Bromfield's arguments

are unavailing as they have already been considered and decided by the Court and accordingly, the Court sees no reason to change its determination.  See Advanced Analytics, Inc. v. Citigroup Global Markets, Inc., No. 4 Civ. 3531 (LTS) (SLC), 2020 WL 3056450 (S.D.N.Y. June 9, 2020) (denying motion for reconsideration where plaintiff repeated arguments already presented and failed to point to any matters the Court may have overlooked).

In addition, Bromfield does not present any new evidence or information and points only to exhibits previously submitted to and considered by the Court.  (ECF No. 167 at 1).  Instead, Bromfield argues that had the Court taken these exhibits into account when issuing the Opinion & Order, the Court would have found that her discrimination claims against Defendants were "ripe for a jury trial." (Id. at 2).  Bromfield's Motion repeats the same arguments and present no new facts or law, and therefore do not overcome the hurdle to warrant reconsideration under Rule 60(b).  See Abraham v. Leigh, No. 17 Civ. 5429 (KPF), 2020 WL 5836511, at *1 (S.D.N.Y. Oct. 1, 2020) ("Compelling reasons for granting a motion for reconsideration are limited to an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.") (internal citation omitted).

Bromfield further argues that the limited scope pro bono counsel permitted by the Opinion & Order "is not fair [n]or just," but she does not allege facts demonstrating how or why the Court's determination is unfair.  (ECF No. 167 at 1).  Indeed, in its Opinion & Order, the Court granted the application for pro bono counsel.  (ECF No. 162).  The Court concluded that "liberally construing the expanded facts pled in Bromfield's Amended Complaint, . . . Bromfield has met the merits threshold as to at least some of her claims," and therefore found it "reasonable and appropriate to grant Bromfield's Fourth Application" for pro bono counsel under the Hodge

standard.  (Id. at 10); see Hodge, 802 F.2d at 61.  Now that the amended Opinion & Order has been vacated due to Bromfield's failure to respond to outreach by potential pro bono counsel (ECF No. 196), the Court is not persuaded that reconsideration is needed to "correct a clear error or to prevent manifest injustice" or unfairness.  Advanced Analytics, 2020 WL 3056450, at *4 (internal citation omitted).  Bromfield's motion for reconsideration is therefore denied.

## IV.   CONCLUSION

For the reasons set forth above, Bromfield's Motion (ECF No. 166) is DENIED.  The Clerk of Court is respectfully directed to mail a copy of this order to Bromfield at the address below.

Dated:   New York, New York
         November 23, 2020

_____
SARAH L. CAVE
United States Magistrate Judge

Mail To:   Lenora Bromfield
           66 Washington Terrace
           Bridgeport, CT 06604