UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENORA BROMFIELD,

                Plaintiff,

  -v-                              CIVIL ACTION NO.: 16 Civ. 10047 (ALC) (SLC)

BRONX LEBANON SPECIAL CARE CENTER, INC.,      **ORDER**
et al.,

                Defendants.

**SARAH L. CAVE,** United States Magistrate Judge.

In this employment discrimination action, fact discovery closed on July 24, 2018. (ECF No. 32). With the Court's permission, on February 26, 2020, pro se Plaintiff Lenora Bromfield filed her Amended Complaint, which added claims for race discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. and 42 U.S.C. § 1981 (the "Race Claims"). (ECF No. 127). Defendants Bronx Lebanon Special Care Center, Inc. ("BLSCC"), et al. ("Defendants") now seek leave to reopen Ms. Bromfield's deposition for the limited purpose of questioning her about the Race Claims. (ECF No. 211 (the "Request")).

For the reasons set forth below, the Court GRANTS Defendants' Request to the extent that they may re-depose Ms. Bromfield for a total of three (3) hours limited to the topic of her Race Claims.

**I. BACKGROUND**

The procedural and factual history of this action is set forth in the decisions of the Honorable Henry B. Pitman denying Ms. Bromfield leave to file an amended complaint (ECF No. 89); the Honorable Andrew L. Carter, Jr. granting Ms. Bromfield leave to file an amended complaint (ECF No. 124); and the undersigned granting Ms. Bromfield's motion for pro bono

counsel (ECF No. 137), amending the pro bono counsel order (ECF No. 162), and addressing several consolidated discovery disputes (the "Consolidated Discovery Order" (ECF No. 201)). The Court incorporates those summaries and includes below only the factual and procedural background material to Defendants' Request.

On December 28, 2016, Ms. Bromfield filed her initial complaint (the "Complaint") alleging claims for employment discrimination and retaliation arising under the Age Discrimination in Employment Act, 29 U.S.C. § 621, et seq. ("ADEA") (ECF No. 2; see ECF No. 124 at 1 (describing Ms. Bromfield's allegations as "claims of discrimination and retaliation based on age")). Judge Pitman entered a case management plan setting July 24, 2018 as the date for the close of fact discovery. (ECF No. 32).

On January 30, 2020, Judge Carter granted Ms. Bromfield leave to amend and denied Defendants' motion for summary judgment as moot, noting that "discovery issues were still in the process of being resolved on November 2, 2018," and anticipated that "additional discovery may need to be taken[.]" (ECF No. 124 at 5–6) (emphasis added). Judge Carter also noted that "[Ms. Bromfield's] [] [C]omplaint includes some language that should have put Defendants[] on notice of a possible race based discrimination claim." (Id. at 6).

On February 26, 2020, Ms. Bromfield filed the Amended Complaint (ECF No. 127). Ms. Bromfield alleges that she was employed by BLSCC for 24 years as a Certified Nursing Assistant, but after being falsely charged with workplace misconduct, was forced to resign. (Id. ¶¶ 6, 22–23). In support of the Race Claims, Ms. Bromfield alleges that Defendants, particularly Maria Collura, the Director of Human Resources at BLSCC, discriminated against her because Ms. Bromfield is female, Black, and was over the age of 40 at the time of her constructive discharge.

2

(Id. ¶¶ 1, 4, 6, 17, 43).  The Amended Complaint also added a new, purportedly "indispensable party," Grace Baptiste, a Certified Nursing Assistant, on the basis of "new facts" which Bromfield obtained during discovery.  (Id. ¶ 3).

On December 28, 2020, the Court issued the Consolidated Discovery Order, denying several outstanding discovery disputes raised by Ms. Bromfield.  (ECF No. 201).  On September 8, 2021, Ms. Bromfield filed a letter-motion to Judge Carter:  (i) seeking the recusal of the undersigned; (ii) requesting a jury trial; and (iii) raising with the Court that Defendants were seeking to depose her following the conclusion of discovery.  (ECF No. 210).[1]

On September 10, 2021, Defendants filed the Request, stating that, in the event the case did not settle, they sought to "re-depose [Ms. Bromfield] with respect to her racial discrimination claims[,] [which] first appeared in [Ms. Bromfield's] Amended Complaint, which was filed on February 26, 2021 – after the close of discovery and after Defendants moved for summary judgment."  (ECF No. 211 at 1–2).  Defendants noted that that Court was clear in granting leave to amend that "additional discovery may need to be taken." (Id. at 2) (quoting ECF No. 124 at 6).  Defendants stated that after the re-deposition they intended to move for summary judgment.  (Id.)

On September 22, 2021, Ms. Bromfield reiterated her desire to proceed to trial, her objection to re-open her deposition, and also sought "to be granted subpoena power to subpoena relevant parties for deposition and/or authentication of documents for [] trial or in the alternative to deem[] any documents requiring authentical to be deemed authenticated from the defendants."  (ECF No. 212 at 3).

---

[1] The Court does not address in this Order Ms. Bromfield's recusal request, which is before Judge Carter.

3

On September 23, 2021, Defendants filed a letter noting that Ms. Bromfield had been served with a Notice of Deposition to be held October 26, 2021 and requesting an Order directing Ms. Bromfield's appearance on that date or another mutually agreeable date.  (ECF No. 213).

On September 30, 2021, Ms. Bromfield filed a further letter opposing Defendants' Request.  (ECF No. 214).

On October 14, 2021, the Court ordered the parties to file a joint status report concerning (i) the status of fact discovery; (ii) whether they intend to file dispositive motions to the Honorable Andrew J. Carter, Jr.; and (iii) any additional matters that are necessary to advance this litigation. (ECF No. 217).  On October 21, 2021, Ms. Bromfield filed a voluminous "Mandatory Judicial Notice and Offer of Proof" accompanied by approximately 100 pages of exhibits.  (ECF No. 218).  On October 22, 2021, Defendants renewed their Request, (ECF No. 219), and on October 28, 2021, Ms. Bromfield stated that the purpose of her Mandatory Judicial Notice and Offer of Proof was to "expose the ongoing criminal fraud and cover[-]up" she alleged Defendants' counsel had perpetrated, and to prepare for trial.  (ECF No. 220).

## II. DISCUSSION

### A. Legal Standard

"A person who has previously been deposed in a matter may be deposed again, but only with leave of the court."  Sentry Ins. V. Brand Mgmt., Inc., Nos. 10-CV-347 & 11-CV-3966 (RLM) (ENV), 2012 WL 3288178, at *8 (E.D.N.Y. Aug. 10, 2012); see Fed. R. Civ. P. 30(a)(2)(A)(ii) ("A party must obtain leave of court . . . if the parties have not stipulated to the deposition and: [] the deponent has already been deposed in the case[.]").  "Leave should be granted to the extent that doing so is consistent with the factors set forth in Rule 26(b)(2), such as 'whether the second

4

deposition of the witness would be unnecessarily cumulative, whether the party requesting the deposition has had other opportunities to obtain the same information, and whether the burden of a second deposition outweighs its potential benefit.'" Sentry, 2012 WL 3288178, at *8 (quoting Ganci v. U.S. Limousine Serv. Ltd., No. 10-CV-3027 (JFB) (AKT), 2011 WL 4407461, at *2 (E.D.N.Y. Sept. 21, 2011) (collecting cases)); see Cobbs v. City of Newburgh, No. 09 Civ. 3800 (LMS), 2012 WL 12884366, at *4–5 (S.D.N.Y. 2012) (granting leave to reopen plaintiff's deposition after the close of discovery following plaintiff's amendment of the complaint to add new claims of racially-motivated deliberate indifference to the rights of African American citizens); Briceno v. USI Servs. Grp., Inc., No. 09-CV-4252 (PKC) (AKT), 2014 WL 12841438, at *2 (E.D.N.Y. Mar. 17, 2014) (reopening FLSA plaintiffs' depositions to address meal break claims that were not previously addressed); Keck v. Union Bank of Switz., No. 94 Civ. 4912 (AGS) (JCF), 1997 WL 411931, at *1 (S.D.N.Y. July 22, 1997) (collecting cases where new information was the basis for reopening a deposition, such as the addition of "new parties and new allegations"). "Courts will typically reopen a deposition where there is new information on which a witness should be questioned." Ganci, 2011 WL 4407461, at *2 (collecting cases).

It is also well-settled that "[a] district court has broad latitude to determine the scope of discovery and to manage the discovery process." EM Ltd. v. Republic of Arg., 695 F.3d 201, 207 (2d Cir. 2012).

B. **Application**

The Court finds that reopening Ms. Bromfield's deposition is consistent with the factors set forth in Rule 26(b)(2). First, the deposition would not be cumulative because Ms. Bromfield's Amended Complaint includes the new Race Claims, which are supported by new factual

5

allegations, and asserted against a new defendant, Grace Baptiste. (Compare ECF No. 2 with ECF No. 127; see ECF No. 124 at 5 (noting "additional factual allegations, a Defendant named Grace Baptiste and a cause of action of race discrimination under 42 [U.S.C.] § 1981"); ECF No. 127 ¶ 3 (noting "new facts obtain[ed] from limited discovery . . . with the addition of an indispensable party, Defendant [] Baptiste[.]"). Thus, the reopened deposition, limited to three hours and the topic of the Race Claims, will not be cumulative. See Briceno, 2014 WL 12841438, at *2 (finding redepositions of plaintiffs to not be cumulative where the reopened depositions would address claims that were not previously addressed). Further, as Defendants have pointed out, in granting Ms. Bromfield leave to amend, Judge Carter recognized that "granting leave to amend will prejudice the Defendants, in so far as additional discovery may need to be taken[.]" (ECF No. 124 at 6).

Second, the Court finds that Defendants did not previously have a full opportunity to question Ms. Bromfield on her allegations of race discrimination. While Ms. Bromfield's reference in the Complaint to "a 17th century slave in America" (ECF No. 2 ¶ 19) arguably suggested race-based unequal treatment and Judge Carter noted that "therefore Defendants could have previously pursued discovery related to defending such a claim," Judge Carter recognized that this language was "not sufficient to state a cause of action based on racial discrimination." (ECF No. 124 at 6). Now that Ms. Bromfield has filled out the parameters of her Race Claims, Defendants are on notice of the nature of her claims and in an informed position to question her about them. See Moreno-Godoy v. Gallet Dreyer & Berkey, LLP, No. 14 Civ. 7082 (PAE) (JCF), 2016 WL 5817063, at *2, 6 (S.D.N.Y. Oct. 4, 2016) (reopening plaintiff's deposition following amended complaint, even though it "merely streamlines the original complaint and

6

adds alternative claims[,] [and] [b]oth complaints name the same defendants and allege the same substantive facts.").

Finally, the Court finds that the burden to Ms. Bromfield of reopening her deposition does not outweigh its potential benefit, because it will "allow for a more fully developed factual record for trial" and can be conducted quickly because it will be limited in time and scope.  Briceno, 2014 WL 12841438, at *2 (holding that one-hour reopened deposition on a limited topic minimized any burden to plaintiffs); Ganci, 2011 WL 4407461 at *2 (limiting reopened nonparty deposition to two hours and new information learned since the nonparty's first deposition).

Accordingly, the Court finds that Defendants have met their burden of showing that the factors under Rule 26(b)(2) have been met such that a limited reopening of Ms. Bromfield's deposition is warranted.

### III. CONCLUSION

For the reasons set forth in this Order, the Court GRANTS Defendants' Request to re-open Ms. Bromfield's deposition for three hours limited to the Race Claims.  The deposition shall be completed by **Friday, December 10, 2021**.  The parties shall file a joint letter, no more than three pages in length total, certifying that discovery is complete, by **Friday, December 17, 2021**.

The Clerk of Court is respectfully directed to mail a copy of this Order to Ms. Bromfield at the address below.

Dated:    New York, New York
          November 8, 2021

                                                            SO ORDERED.

7

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

Mail To:   Lenora Bromfield
              66 Washington Terrace
              Bridgeport, CT 06604