UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- x
**Lenora Bromfield,**

                  **Plaintiff,**

   -against-

**Bronx Lebanon Special Care Center, Inc. et al.,**

                  **Defendants.**

-------------------------------------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#: _____
DATE FILED: 11/30/2021

1:16-CV-10047-ALC-SLC

<u>ORDER</u>

**ANDREW L. CARTER, JR., District Judge:**

On September 8, 2021, I received a letter dated September 7, 2021 from *pro se* Plaintiff Lenora Bromfield ("Plaintiff") stating that she was "seeking [my] intervention and to request that Magistrate Judge Sarah L. Cave be removed and/or Recuse [sic] . . . due to her bias and prejudice." ECF No. 210 at 1. Defendant opposed the letter. ECF No. 211. Plaintiff filed a revised letter adding a missing second page on November 29, 2021. ECF No. 230. As Plaintiff is *pro se*, I liberally construe these letters as a motion for recusal or disqualification. On the record before me, neither recusal nor disqualification are warranted. The motion is therefore **DENIED**.

The Court ascertains three categories of allegations raised by Plaintiff in support of her motion. First, Plaintiff describes telephonic settlement discussions between her and defense counsel, Marc A. Sittenreich, occurring on or about August 17, 2021, from which she appears to make an unsupported inference that Mr. Sittenreich and Judge Cave participated in *ex parte* communications. *Id.* Further, defense counsel responded that he "did not" and would never engage in *ex parte* communications with Judge Cave "regarding Plaintiff's appeal of a discovery order or any other matter." ECF No. 211 at 1. Second, Plaintiff accuses Judge Cave of "both covering up for the defendant as well as for herself" based upon her June 16, 2021 Order (ECF

1

No. 207) denying Plaintiff's letter motion in connection with alleged "obstruction of justice" (ECF No. 206) in processing of her Notice of Appeal. ECF No. 210 at 1-2. However, the June 16, 2021 Order from Judge Cave informed Plaintiff that court staff had reviewed and investigated the allegations and determined that the Second Circuit had ultimately rejected her interlocutory appeal of a magistrate judge's discovery order because it was not appealable in the Second Circuit. ECF No. 207. Third, Plaintiff makes unsubstantiated statements that Judge Cave's prior case management and discovery decisions are biased against her. ECF No. 230 at 5. Judge Cave has not stated or otherwise indicated that she has or feels any bias or prejudice against either party in this case.

A magistrate judge of the United States must recuse in "any proceeding in which h[er] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). The standard under § 455(a) is "whether an objective and disinterested observer, knowing and understanding all of the facts and circumstances, could reasonably question the court's impartiality." *S.E.C. v. Razmilovic,* 738 F.3d 14, 29 (2d Cir. 2013). She must be disqualified "[w]here [s]he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." *Id.* § 455(b)(1); *Liteky v. United States*, 510 U.S. 540, 547 (1994). "[A] judge should be disqualified only if it appears that he or she harbors an aversion, hostility or disposition of a kind that a fair-minded person could not set aside from when judging the dispute." *Liteky*, 510 U.S. at 558. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion" unless they "show reliance upon an extrajudicial source" or "display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* at 555. "Recusal motions also are committed to the sound discretion of the district court." *Longi v. New York*, 363 F. App'x 57, 58 (2d Cir. 2010) (summary order) (citing *United States v.*

*Morrison,* 153 F.3d 34, 48 (2d Cir.1998)).

Applying these principles, the factual allegations asserted by Plaintiff do not require recusal or disqualification of Magistrate Judge Cave. Plaintiff's bias and prejudice accusations "are based on judicial rulings and routine case administration efforts," which the Second Circuit has clearly stated do not warrant recusal. *See, e.g.*, *Ralin v. City of New York*, No. 15CV02978KAMST, 2016 WL 3033720, at *2 (E.D.N.Y. May 25, 2016) (quoting *Razmilovic*, 738 F.3d at 29-30). Moreover, Plaintiff has not demonstrated that any of Judge Cave's rulings rely "upon an extrajudicial source" or that she has engaged in "favoritism or antagonism" at such a degree that would make "fair judgment impossible." *Liteky,* 510 U.S. at 555. Neither has Plaintiff raised any facts that would lead "an objective and disinterested observer" to "reasonably question" Judge Cave's impartiality in this case. *Razmilovic*, 738 F.3d at 29. To the extent Plaintiff raises any other accusations of misconduct by the Court, those accusations are meritless and baseless. *See, e.g.*, *Zirkind v. Zirkind*, 199 F.3d 1325 (2d Cir. 1999) (citing *Power Auth. v. Federal Energy Regulatory Comm'n,* 743 F.2d 93, 110 (2d Cir.1984) (movant "has failed to state specific facts indicating that the magistrate judge engaged in ex parte communications warranting recusal.").

Because Plaintiff fails to satisfy the exceedingly high standard for recusal or disqualification under § 455(a) or (b)(1), her motion is hereby **DENIED**.

**SO ORDERED.**

**Dated:** November 30, 2021
New York, New York

 

**Andrew L. Carter, Jr.**
**United States District Judge**