UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENORA BROMFIELD,

                Plaintiff,

  -v-

BRONX LEBANON SPECIAL CARE CENTER, INC., et al.,

                Defendants.

CIVIL ACTION NO.: 16 Civ. 10047 (ALC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court are: (i) Plaintiff pro se Lenora Bromfield's seventh application for pro bono counsel (ECF No. 229 (the "Seventh Request"); see also ECF No. ECF No. 225); and (ii) a letter by Ms. Bromfield (ECF No. 225 (the "Motion")), seeking reconsideration of the Court's Order granting Defendants leave to re-open her deposition (the "Reopened Deposition") limited to the topic of her race discrimination claims (the "Race Claims") (ECF No. 221 (the "Deposition Order")).

For the reasons set forth below, the Seventh Request is DENIED, and the Motion is GRANTED IN PART AND DENIED IN PART, only to the extent that the Court extends the deadline to complete, and clarifies the terms governing, the Reopened Deposition, which must then occur in accordance with this Order.

        **I.**    **BACKGROUND**

Given the lengthy history of this action, which includes six prior applications for pro bono counsel, by the Court's count, (ECF Nos. 3, 20, 39, 125, 128, 186), the Court assumes familiarity with the background of this case and includes only those facts relevant to this Order. Additional

1

background pertaining to Ms. Bromfield's earlier applications for pro bono counsel are set forth in the Court's Amended Opinion & Order Concerning Pro Bono Counsel (the "Amended Pro Bono Counsel Order" (ECF No. 162) (vacated at ECF No. 196)), and additional background concerning the Reopened Deposition is set forth in the Deposition Order (ECF No. 221).

In the August 6, 2020 Amended Pro Bono Counsel Order, the Court amended its Order granting Ms. Bromfield's earlier application for pro bono counsel, (ECF No. 137), and directed the Clerk of Court to seek pro bono counsel to assist Ms. Bromfield for settlement purposes only. (ECF No. 162).  On November 20, 2020, the Court vacated the Amended Pro Bono Counsel Order, after "[i]t ha[d] been brought to the Court's attention that Ms. Bromfield has been unresponsive to outreach by potential pro bono counsel."  (ECF No. 196).

On November 8, 2021, the Court issued the Deposition Order, granting Defendants leave "to re-open Ms. Bromfield's deposition for three hours limited to the Race Claims."  (ECF No. 221 at 7).  The Court concluded in the Deposition Order that reopening Ms. Bromfield's deposition was consistent with the factors in Federal Rule of Civil Procedure 26(b)(2), based on the addition of the Race Claims, which Ms. Bromfield had newly-asserted in her Amended Complaint, and against a new defendant.  (Id. at 5–6) (citing ECF Nos. 2, 127, 124 at 5).  Accordingly, the Court determined that reopening the deposition would not be cumulative; that Defendants did not previously have a full opportunity to question Ms. Bromfield regarding her Race Claims; and that the burden of reopening the deposition did not outweigh its potential benefit, "because it will 'allow for a more fully developed factual record for trial' and can be conducted quickly because it will be limited in time and scope."  (ECF No. 221 at 5–7) (quoting Briceno v. USI Servs. Grp., Inc., No. 09-CV-4252 (PKC) (AKT), 2014 WL 12841438, at *2 (E.D.N.Y. Mar. 17, 2014)).

The Deposition Order directed that the Reopened Deposition be completed by December 10, 2021 and directed the parties to file a joint letter certifying that discovery was complete one week later. (ECF No. 221 at 7).

On November 18, 2021, Defendants filed a letter advising the Court that they served Ms. Bromfield with an amended notice of deposition to be held on November 30, 2021. (ECF No. 224). Defendants' letter noted that Ms. Bromfield had previously represented that she did not have a device capable of connecting to Zoom, and that she did not respond to requests to confer concerning the logistics of the deposition. (Id.) Accordingly, Defendants noticed the Reopened Deposition for "a court reporting agency office in White Plains, where she will be able to connect remotely with [Defendants]." (Id.)

On November 22, 2021, Ms. Bromfield filed her Motion: (i) renewing her request for pro bono counsel; and (ii) requesting that the Deposition Order be modified to permit a remote deposition by Zoom, for health reasons and to avoid "not feeling safe going alone to [Defendants' law firm] where they can take full advantage of me[.]" (ECF No. 225). Ms. Bromfield requested "in the alternative for [D]efendants' [c]ounsel to provide a 'Deposition by Written Questions' pursuant to Rule 31(a)(2) of the Federal Rules of Civil Procedure[.]" (Id.)

Defendants opposed Ms. Bromfield's Motion the same day (the "Opposition"), arguing that her request was "moot" because the deposition notice provided for a remote deposition at a court reporting office, not the offices of Defendants' law firm, and that she failed to overcome the presumption in favor of oral depositions. (ECF No. 226).

On November 24, 2021, Ms. Bromfield filed the Seventh Request. (ECF No. 229). In the Seventh Request, Ms. Bromfield stated that she required pro bono counsel "(not a student)

3

because of the status of the case, twisted words." (Id. at 1). Ms. Bromfield continued that she was dissatisfied with prior pro bono counsel who was a student because she was "not doing the case right," and preferred an employment attorney with 30 years of experience. (Id.) Ms. Bromfield stated that she called more than five attorneys and "some place[s] I call[ed] I don't have the money they are asking for." (Id. at 2). Ms. Bromfield did not identify any of these attorneys or institutions. (See id.)

On November 29, 2021, Ms. Bromfield filed a Notice of Appeal of the Deposition Order to the Second Circuit. (ECF No. 232).

On December 1, 2021, the Court directed Defendants to provide a status report concerning the status of Ms. Bromfield's Reopened Deposition. (ECF No. 236). Defendants responded that they noticed the deposition for a "neutral location"—a court reporting office in White Plains—and specified that the Reopened Deposition could be held at "such other place and time as may be mutually agreed upon," but Ms. Bromfield did not appear for the deposition, nor did she reach out to discuss the logistics of the deposition, seek to reschedule the Reopened Deposition, or advise that she would not be appearing. (ECF No. 237).

The parties have filed several additional letters rehashing their arguments. (See ECF Nos. 231, 233, 238–39). By letter dated December 6, 2021, Ms. Bromfield stated that she never agreed to the date of the Reopened Deposition and again requested that the Reopened Deposition should proceed by written questions. (ECF No. 238).

## II. RENEWED APPLICATION FOR PRO BONO COUNSEL

### A. Legal Standard

While there is no constitutional right to counsel in civil cases, the Court has the authority to appoint an attorney for an individual who is unable to afford counsel. See 28 U.S.C. § 1915(e)(1). "However, '[b]road discretion lies with the district judge in deciding whether to appoint counsel pursuant to this provision.'" Farmer v. County of Westchester, No. 18 Civ. 2691 (NSR) (JCM), 2021 WL 5605087, at *1 (S.D.N.Y. Nov. 30, 2021) (quoting Hodge v. Police Officers, 802 F.2d 58, 60 (2d Cir. 1986)). In deciding whether to appoint counsel, the Court should first "determine whether the [applicant's] position seems likely to be of substance" and, if so, then consider factors such as "the [applicant's] ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the [applicant's] ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." Ferrelli v. River Manor Health Care Ctr., 323 F.3d 196, 203–04 (2d Cir. 2003) (quoting Hodge, 802 F.2d at 61–62).

In addition to these requirements, "the Second Circuit has interpreted [28 U.S.C. § 1915(e)(1)] to require that the [litigant] be unable to obtain counsel 'before appointment will even be considered.'" Holland v. Matos, No. 18 Civ. 6697 (KMK), 2021 WL 3617410, at *2 (S.D.N.Y. July 26, 2021) (quoting Morris v. Moran, No. 12 Civ. 7020 (TPG), 2014 WL 1053658, at *1 (S.D.N.Y. Mar. 14, 2014)); see Vasquez v. County of Rockland, No. 13 Civ. 5632 (HBP), 2016 WL 413107, at *3 (S.D.N.Y. Feb. 2, 2016) (denying application and finding "conclusory" plaintiff's

5

statement that he contacted "numerous lawyers" without identifying any of them or stating how many lawyers were contacted).

Ultimately, "[b]ecause this Court does not have a panel of attorneys who can be compelled to take on civil cases pro bono, and does not have the resources to pay counsel in civil matters, the appointment of counsel is a rare event." Ramey v. Dept. of Corr., No. 13 Civ. 17 (CM), 2013 WL 1867342, at *1 (S.D.N.Y. May 2, 2013).

### B. Application

Ms. Bromfield has consistently and comprehensively asserted her interests in this action. Within the last several months, she moved for the recusal or disqualification of the undersigned (ECF No. 210), filed a Notice of Appeal concerning the Deposition Order (ECF No. 232), and filed numerous letters, including the Motion. (ECF Nos. 225, 227, 230–31, 238–39). Even assuming for purposes of this application that Ms. Bromfield's claims have merit, the appointment of counsel is unwarranted as "this case does not present any complex issues and . . . [Ms. Bromfield] has thus far demonstrated an ability to represent [her]self." Farmer, 2021 WL 5605087, at *2 (denying fourth application for pro bono counsel without prejudice to renewal should circumstances change); see Corral v. Arrow Elec., Inc., No. 16-CV-4636 (JMA) (JMW), 2021 WL 3539219, at *1–2 (E.D.N.Y. July 20, 2021) (denying pro bono counsel application and ruling that plaintiff's deposition should proceed where he did not include any steps taken to obtain counsel and "has demonstrated an ability to make applications to the Court and to participate in discovery"); Ramey, 2013 WL 1867342, at *2 ("it is clear from Plaintiff's submissions to the Court, which are thorough and show an understanding of the litigation process, that Plaintiff has sufficient intellect and sophistication to grasp and present the issues.").

6

The appointment of counsel at this juncture is also unwarranted because neither the Seventh Request nor the Motion establishes that Ms. Bromfield has been <u>un</u>able to obtain counsel.  To the contrary, Ms. Bromfield's statement that she called five attorneys, who were not identified, was inadequate.  <u>Vasquez</u>, 2016 WL 413107, at *3.  Furthermore, when the Court did previously grant Ms. Bromfield's application for <u>pro bono</u> counsel, she failed to respond to outreach by potential pro bono counsel, leading the Court to vacate the Amended <u>Pro Bono</u> Counsel Order.  (ECF No. 196).  In the Motion, Ms. Bromfield does not provide the Court with any assurances that she would respond to and cooperate with any <u>pro bono</u> counsel who might volunteer to represent her.

Accordingly, the Seventh Request is DENIED.

### III.    REOPENED DEPOSITION

**A. Legal Standard**

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration.  Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration.  Local Civ. R. 6.3.  Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester County, No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61, (2d Cir. 1986)).  The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  It is not a way to "advance new facts, issues or arguments not previously presented to the Court." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted).  The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

B. **Application**

The Court has carefully reviewed Ms. Bromfield's submissions and concludes that, even under a liberal interpretation of her Motion and subsequent filings, she has failed to allege facts demonstrating that any of the clauses of Rule 60(b) apply or that extraordinary circumstances warrant reconsideration of the Court's Deposition Order under Rule 60(b)(6).  Instead, the

Motion and Ms. Bromfield's subsequent filings express Ms. Bromfield's preference for a deposition by written questions to an oral deposition. (See ECF Nos. 225, 238). However, Ms. Bromfield has not demonstrated that the Court overlooked any "controlling decisions or data" with respect to its Deposition Order. Shrader, 70 F.3d at 257. Reconsideration is therefore unwarranted.

The Court is also not persuaded that there are any grounds to depart from its ruling in the Deposition Order that Defendants are entitled to an oral deposition of Ms. Bromfield regarding the Race Claims. First, as noted in Defendants' Opposition Letter, Ms. Bromfield's concern that she will be "take[n] full advantage of" by a deposition at Defendants' office (ECF No. 225) is inapposite, given that Defendants noticed Ms. Bromfield to be deposed "at a neutral location – i.e. a third-party court reporting agency office — where she will be connected to [Defendants'] office by Zoom." (ECF No. 226).

Second, Ms. Bromfield's request for a deposition by written questions is unpersuasive. Courts recognize that:

> [t]he use of oral depositions is often crucial to an attorney's assessment of the opposing party's case and to preparation for a trial. That is particularly true when, as here, the key issues involve a fairly tangled set of facts that are not susceptible to proof by documentation, and there are potentially significant questions of credibility. Moreover, it has often, and appropriately, been observed that depositions on written questions are a generally inadequate substitute for an oral deposition since there is no meaningful possibility of follow-up questioning and the inquiring party is denied any opportunity to assess the demeanor, and thus the credibility, of the witness in responding to [a] specific question. See, e.g., Mill-Run Tours, Inc. v. Khoshoggi, 124 F.R.D. 547, 549–50 (S.D.N.Y. 1989) (citing cases).

Sadowski v. Tech. Career Institutes, Inc., No. 93 Civ. 455 (PKL), 1994 WL 240546, at *1 (S.D.N.Y. May 27, 1994) (denying unrepresented plaintiff's application to limit his deposition to written questions); see Zito v. Leasecomm Corp., 233 F.R.D. 395, 397 (S.D.N.Y. 2006) (noting that

9

"depositions upon written questions are disfavored" and are "rarely an adequate substitute for oral depositions both because it is difficult to pose follow-up questions and because the involvement of counsel in the drafting process prevents the spontaneity of direct interrogation."). Following this precedent, the Court concludes that a deposition on written questions would be an inadequate substitute, and maintains that Defendants may conduct the Reopened Deposition orally.

Given Ms. Bromfield's status as a pro se litigant and the pendency of the Motion on the date previously noticed for the Reopened Deposition, the Court finds that it is appropriate to extend the deadline to complete her Reopened Deposition and clarifies the parameters surrounding the Reopened Deposition:

1. The Reopened Deposition shall be completed by **Monday, January 24, 2022**, and the parties shall file a letter, no more than three pages in length total, certifying that discovery is complete, by **Monday, January 31, 2022**.

2. In accordance with their past practice, Defendants shall arrange for Ms. Bromfield to be deposed, remotely, at a third-party court reporting agency, or via Zoom (or other videoconference platform) with Ms. Bromfield participating from the location of her choice. (See ECF No. 226).

3. The parties shall promptly meet and confer concerning the date of Ms. Bromfield's Reopened Deposition, and shall file a letter by **Monday, December 20, 2021,** stating the date of the Reopened Deposition.

**Ms. Bromfield is hereby warned that should she fail to cooperate with Defendants in scheduling a mutually convenient date or to appear for her Reopened Deposition, the Court**

**may recommend sanctions, including the dismissal of her claims for failure to comply with the Court's discovery orders**. See Watkins v. Marchese, No. 13 Civ. 3267 (GBD) (SN), 2015 WL 4605660, at *1, 3, 16–17 (S.D.N.Y. July 31, 2015) (granting motion to dismiss for failure to prosecute, where the pro se plaintiff did not comply with orders to execute medical releases or orders to be deposed under oath). "[A]ll litigants, including pro ses, have an obligation to comply with [C]ourt orders. When they flout that obligation they, like all litigants, must suffer the consequences of their actions." McDonald v. Head Crim. Ct. Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988) (affirming dismissal of complaint for plaintiff's failure to comply with order to be deposed, and rejecting his argument that the failure was justified in light of the court's denial of his repeated requests for counsel).

### IV.    CONCLUSION

For the reasons set forth above, Ms. Bromfield's Seventh Request (ECF No. 229) is DENIED. Ms. Bromfield's Letter-Motion is GRANTED IN PART AND DENIED IN PART insofar as reconsideration of the Deposition Order is DENIED, and the Court EXTENDS the deadline for Ms. Bromfield's Reopened Deposition as set forth supra, at § III.B.

The Clerk of Court is respectfully directed to close ECF No. 229 and to mail a copy of this order to Ms. Bromfield at the address below.

Dated:    New York, New York
          December 9, 2021

_____
SARAH L. CAVE
United States Magistrate Judge

Mail To:    Lenora Bromfield
            66 Washington Terrace
            Bridgeport, CT 06604

11