UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENORA BROMFIELD,

                Plaintiff,

  -v-

BRONX LEBANON SPECIAL CARE CENTER, INC., et al.,

                Defendants.

CIVIL ACTION NO.: 16 Civ. 10047 (ALC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Plaintiff pro se Lenora Bromfield's letter (ECF No. 260 (the "Letter-Motion")), which the Court construes as a motion for reconsideration of the Court's February 28, 2022 post-conference order (ECF No. 258 (the "Post-Conference Order")). In pertinent part, the Letter-Motion seeks reconsideration of the Court's ruling in the Post-Conference Order that denied Ms. Bromfield's application to take additional depositions. (ECF No. 260 at 3) (referencing ECF No. 258 ¶ 2)).

For the reasons set forth below, the Letter-Motion is DENIED, and the rulings of the Post-Conference Order stand.

**I. BACKGROUND**

Given the lengthy history of this action, the Court assumes familiarity with the background of this case and includes only those facts relevant to this Order. Additional background pertaining to discovery in this action are included in the Court's December 28, 2020 consolidated discovery Order (ECF No. 201), the November 8, 2021 Order permitting the limited

1

reopening of Ms. Bromfield's deposition (ECF No. 221), and the Court's December 9, 2021 Order denying Ms. Bromfield's seventh application for pro bono counsel. (ECF No. 241).

As described in the Post-Conference Order, "on March 28, 2018, Ms. Bromfield waived her right to take depositions and was granted leave to serve up to 100 interrogatories." (ECF No. 258 ¶ 2) (citing ECF Nos. 41, 43). Specifically, in a letter to the Honorable Henry B. Pitman, Ms. Bromfield stated that she "hereby forgo my right to take depositions and respectfully request your Honor . . . waive the limitation of Local Civil Rule 33.3 and permit me to serve up to 100 interrogatories, additional time for discovery . . . ." (ECF No. 41 (the "Waiver Letter")). In response, Judge Pitman issued an order acknowledging that Ms. Bromfield "waive[d] . . . her right to conduct depositions" and permitting her to "serve up to 100 interrogatories without regard to the limitations set forth in Local Civil Rule 33.3." (ECF No. 43 ("Judge Pitman's Order")).

Fact discovery closed in 2018 and was reopened on November 8, 2021 only for the limited purpose of reopening Ms. Bromfield's deposition concerning her new race discrimination claims. (See ECF No. 221 (noting that fact discovery closed in 2018, and permitting Defendants to question Ms. Bromfield only about her race discrimination claims)).

On February 28, 2022, the Court issued the Post-Conference Order, which, inter alia, granted Defendants' request for an order directing Ms. Bromfield to produce additional damages documents following her reopened deposition, and denied Ms. Bromfield's application to take additional depositions. (ECF No. 258). The Post-Conference Order directed Defendants to file a letter by March 21, 2022 confirming their receipt of Ms. Bromfield's additional damages documents. (Id. ¶ 4).

2

On March 3, 2022, Ms. Bromfield filed the Letter-Motion, requesting that the Court "reconsider" the Post-Conference Order and "vacate the agreement I made with Magistrate Pitman based upon FRAUD and in light of 28 U.S.C. § 2072; and allow me to proceed to depose . . . four fact-witnesses[1] based upon the exhibited documentary evidence[.]"  (ECF No. 260 at 3).

On March 4, 2022, Defendants opposed the Letter-Motion, noting that Ms. Bromfield did not state in the Letter-Motion any misrepresentation on which she had based her decision to waive her right to take depositions, and stating that based on the Waiver Letter, Ms. Bromfield served, and Defendants responded to, "numerous interrogatories."  (ECF No. 261).

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration.  Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration.  Local Civ. R. 6.3.  Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:  (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

---

[1] These witnesses are Janice Hamilton, Melissa Santos, Ian Andrews and George Brobbey.  (ECF No. 252 at 2).  Ms. Bromfield sought to depose these witnesses concerning paperwork discrepancies and to authenticate documents.  (See id. at 2–3).

3

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester County, No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61, (2d Cir. 1986)). The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005). It is not a way to "advance new facts, issues or arguments not previously presented to the Court." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted). The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'" Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

B. **Application**

Ms. Bromfield has failed to allege facts demonstrating that any of the clauses of Rule 60(b) apply or that extraordinary circumstances warrant reconsideration of the Court's Post-Conference Order under Rule 60(b)(6). Although Ms. Bromfield suggests the Waiver Letter was a product of "FRAUD," she provides no allegations to support this claim, and elsewhere she

4

acknowledges that she was "given . . . a choice to waive my right to . . . deposition[s] in order to do 100 interrogatories[.]" (ECF No. 260 at 2–3). Ms. Bromfield also does not explain why she waited nearly <u>four years</u> after she filed the Waiver Letter and after Judge Pitman's Order to allege fraud. (<u>See</u> ECF No. 41). Ultimately, Ms. Bromfield has not demonstrated that the Court overlooked any "controlling decisions or data" with respect to either Judge Pitman's Order or the Post-Conference Order. <u>Shrader</u>, 70 F.3d at 257. To the contrary, it appears to the Court that Ms. Bromfield has changed her mind regarding the discovery she wishes to obtain, not that the Court has made an error. Reconsideration is therefore unwarranted.

### III. CONCLUSION

For the reasons set forth above, the Letter-Motion (ECF No. 260) is DENIED and the terms of the Post-Conference Order remain in effect.

The Clerk of Court is respectfully directed to mail a copy of this Order, and the Post-Conference Order (ECF No. 258) to Ms. Bromfield at the address below.

Dated:   New York, New York
         March 7, 2022

_____
SARAH L. CAVE
United States Magistrate Judge

Mail To:   Lenora Bromfield
           66 Washington Terrace
           Bridgeport, CT 06604

5