UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LENORA BROMFIELD,

                        Plaintiff,

        -v-

BRONX LEBANON SPECIAL CARE CENTER, INC., et al.,

                        Defendants.

CIVIL ACTION NO.: 16 Civ. 10047 (ALC) (SLC)

**ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

Before the Court is Plaintiff pro se Lenora Bromfield's Motion seeking reconsideration of the Court's February 28, 2022 Order (ECF No. 258 (the "Feb. 28, 2022 Order"), requesting that the Court vacate the orders of the Honorable Henry B. Pitman dated January 24, 2018 (ECF No. 32 (the "Jan. 24, 2018 Order")) and April 4, 2018 (ECF No. 43 (the "Apr. 4, 2018 Order)), and requesting an extension of one week to produce documents and her deposition errata sheet required by the Feb. 28, 2022 Order.  (ECF No. 263 (the "Motion")).  The Motion does not reference this Court's March 7, 2022 Order (ECF No. 262 (the "Mar. 7, 2022 Order")), which denied her prior letter-motion seeking reconsideration of the Feb. 28, 2022 Order.  (ECF No. 260 (the "First Motion for Reconsideration")).[1]

---

[1] The Court notes that Ms. Bromfield has filed motions for reconsideration with respect to other rulings in this action, but for clarity, ECF No. 260 was Ms. Bromfield's first request for reconsideration of the Feb. 28, 2022 Order.  (ECF Nos. 162; 225; 229).

For the reasons set forth below, the Motion is GRANTED IN PART, to the extent that Ms. Bromfield's request for an extension of time to produce the documents and errata sheet required by the Feb. 28, 2022 Order is GRANTED, and Ms. Bromfield's deadline to produce the damages documents is extended to March 25, 2022, and is otherwise DENIED.

## I. BACKGROUND

Given the lengthy history of this action, the Court assumes familiarity with the background of this case and includes only those facts relevant to this Order.  Additional background pertaining to discovery in this action is included in the Court's December 28, 2020 consolidated discovery Order (ECF No. 201), the November 8, 2021 Order permitting the limited reopening of Ms. Bromfield's deposition (ECF No. 221), and the Court's December 9, 2021 Order denying Ms. Bromfield's seventh application for pro bono counsel.  (ECF No. 241).

As described in the Feb. 28, 2022 Order, "on March 28, 2018, Ms. Bromfield waived her right to take depositions and was granted leave to serve up to 100 interrogatories."  (ECF No. 258 ¶ 2) (citing ECF Nos. 41, 43)).  Specifically, in a letter to Judge Pitman, Ms. Bromfield stated that she "hereby forgo my right to take depositions and respectfully request your Honor . . . waive the limitation of Local Civil Rule 33.3 and permit me to serve up to 100 interrogatories, additional time for discovery . . . ."  (ECF No. 41 (the "Waiver Letter")).  In response, Judge Pitman issued the Apr. 4, 2018 Order acknowledging that Ms. Bromfield "waive[d] . . . her right to conduct depositions" and permitting her to "serve up to 100 interrogatories without regard to the limitations set forth in Local Civil Rule 33.3."  (ECF No. 43).

Pursuant to the Jan. 24, 2018 Order, fact discovery closed on July 24, 2018.  (ECF No. 32). On January 30, 2020, the Honorable Andrew L. Carter granted Ms. Bromfield leave to amend her

Complaint to assert a race discrimination claim.  (ECF No. 124 (the "Jan. 30, 2020 Order")).  On February 26, 2020, Ms. Bromfield filed the Amended Complaint adding a race discrimination claim.  (ECF No. 127 ¶¶ 1, 4, 6, 17, 42).  On November 8, 2021, the Court granted Defendants' request for a limited reopening of fact discovery only to reopen Ms. Bromfield's deposition concerning her new race discrimination claim.  (See ECF Nos. 211; 221 (noting that fact discovery closed in 2018, and permitting Defendants to question Ms. Bromfield only about her race discrimination claim)).

Following a conference with the parties, the Court issued the Feb. 28, 2022 Order, which, inter alia, granted Defendants' request for an order directing Ms. Bromfield to produce additional damages documents following her reopened deposition, and denied Ms. Bromfield's application to take additional depositions.  (ECF No. 258).  The Feb. 28, 2022 Order directed Defendants to file a letter by March 21, 2022 confirming their receipt of Ms. Bromfield's additional damages documents.  (Id. ¶ 4).

On March 3, 2022, Ms. Bromfield filed the First Motion for Reconsideration, requesting that the Court "reconsider" the Feb. 28, 2022 Order and "vacate the agreement I made with Magistrate Pitman based upon FRAUD and in light of 28 U.S.C. § 2072; and allow me to proceed to depose . . . four fact-witnesses[2] based upon the exhibited documentary evidence[.]"  (ECF No. 260 at 3).

In the Mar. 7, 2022 Order, the Court denied the First Motion for Reconsideration, holding that Ms. Bromfield had failed to meet the standard under Fed. R. Civ. P. 60(b).  (ECF No. 262 at

---

[2] These witnesses are non-parties Janice Hamilton, Melissa Santos, Ian Andrews, and George Brobbey. (ECF No. 252 at 2).  Ms. Bromfield sought to depose these witnesses concerning paperwork discrepancies and to authenticate documents.  (See id. at 2–3).

4–5).  In particular, the Court found that she provided no allegations to support her allegations of fraud, admitted that she was given and took advantage of the choice to serve 100 interrogatories in lieu of taking depositions, failed to explain why she waited four years to allege fraud underlying the Waiver Letter and the Apr. 4, 2018 Order, and failed to demonstrate that the Court overlooked any controlling authority or facts.  (Id.)  The Court concluded that it appeared "that Ms. Bromfield has changed her mind regarding the discovery she wishes to obtain, not that the Court has made an error."  (Id. at 5).

In support of the Motion, Ms. Bromfield has submitted a sworn affirmation (ECF No. 264 (the "Affirmation")), in which she states that she submitted the Waiver Letter "unwittingly and without any knowledge of the fraud that has been perpetrated upon me by the defendants . . ." (ECF No. 264 at 1).  She states that, after Judge Carter granted her leave to file the Amended Complaint, "for the first time due to new information and evidence obtain [sic] from discovery and [sic] is when I was able to piece together the documents which revealed that I have been a victim, not only of discrimination under 42 U.S.C. § 1981 but revealed evidence of fraud and criminal activity."  (Id. at 2 (citing ECF Nos. 175; 175-1; 175-2, 216; 228; 240)).  Ms. Bromfield recounts the allegations of discrimination and retaliation she alleges in the Amended Complaint. (Compare e.g., id. at 2–4 (alleging that Defendant Collura "deliberately pinned" the patient injury on Ms. Bromfield, the patient injury incident investigation was "a clear cover up," for which Ms. Bromfield was retaliatorily terminated) with e.g., ECF No. 127 ¶¶ 4 (alleging that Ms. Bromfield was the victim of "a concerted and well[-]crafted scheme"), 5 (alleging that the patient injury "was then covered up" and "intentionally not investigated", 77–107 (alleging patient injury incident that Defendants "deliberately concealed")).  Throughout her Affirmation, Ms. Bromfield

cites documents of which she has requested the Court take "judicial notice," which the Court has previously explained to Ms. Bromfield is a ruling that is deferred until dispositive motions and trial. (ECF Nos. 184 at 2, 191). Ms. Bromfield contends that she "never was provided fair and complete discovery," and that the Court "has been influenced in its decision making process leaning more to the defendants [sic] side of their false and fraudulent narrative . . ." (ECF No. 264 at 7). She contends that the "agreement" to waive her right to take depositions is "unwitting and unconscionable," and "null and void due to fraud," and asks the Court to grant her permission to depose the four non-party witnesses. (Id. at 7–9).

## II. MOTION FOR RECONSIDERATION

### A. Legal Standard

Local Civil Rule 6.3 and Federal Rule of Civil Procedure 60(b) govern motions for reconsideration. Local Civil Rule 6.3 specifies timing, giving the moving party fourteen days after an entry of judgment to file a motion for reconsideration. Local Civ. R. 6.3. Rule 60(b) provides

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Rule 60(b) affords "'extraordinary judicial relief'" that "can be granted 'only upon a showing of exceptional circumstances.'" Kubicek v. Westchester County, No. 08 Civ. 372 (ER), 2014 WL 4898479, at *1 (S.D.N.Y. Sept. 30, 2014) (quoting Nemaizer v. Baker, 793 F.2d 58, 61,

(2d Cir. 1986)).  The reconsideration standard "is strict," and reconsideration is generally only granted upon a showing of "controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995).

A motion for reconsideration is not "an occasion for repeating old arguments previously rejected nor an opportunity for making new arguments that could have been previously advanced." Associated Press v. U.S. Dep't of Def., 395 F. Supp. 2d 17, 19 (S.D.N.Y. 2005).  It is not a way to "advance new facts, issues or arguments not previously presented to the Court." Polsby v. St. Martin's Press, Inc., No. 97 Civ. 960 (MBM), 2000 WL 98057, at *1 (S.D.N.Y. Jan. 18, 2000) (internal citation omitted).  The "moving party bears the burden of proof." Freedom, N.Y., Inc. v. United States, 438 F. Supp. 2d 457, 462 (S.D.N.Y. 2006).

The decision to grant or deny a motion for reconsideration is "within 'the sound discretion of the district court.'"  Premium Sports Inc. v. Connell, No. 10 Civ. 3753 (KBF), 2012 WL 2878085, at *1 (S.D.N.Y. July 11, 2012) (quoting Aczel v. Labonia, 584 F.3d 52, 61 (2d Cir. 2009)).

**B. Application**

The Court finds that Ms. Bromfield has failed to allege facts demonstrating that any of the clauses of Rule 60(b) apply or that extraordinary circumstances warrant reconsideration of the Court's Post-Conference Order under Rule 60(b)(6).  The Court acknowledges that, unlike the First Motion for Reconsideration, in support of her continued assertions that the Waiver Letter was a product of "FRAUD," Ms. Bromfield has now provided her Affirmation, which purports to establish why she waited nearly four years after she filed the Waiver Letter and after Judge Pitman's Order to allege fraud.  (ECF No. 264 at 2).  As noted above, however, the Affirmation

repeats many of the same allegations that appear in Ms. Bromfield's Amended Complaint, which she filed in February 2020. (ECF No. 127; see p. 4, supra). In addition, while Ms. Bromfield characterizes the Waiver Letter as an "agreement," the Waiver Letter in fact was a voluntary submission by Ms. Bromfield, to which neither Defendants, nor anyone else, were parties. Accordingly, Ms. Bromfield has not shown any facts or precedent the Court overlooked in entering the Jan. 24, 2018, Apr. 4, 2018, or Feb. 28, 2022 Orders as is required for reconsideration, which is therefore not warranted.

The Court recognizes the depth and strength with which Ms. Bromfield believes in the veracity of her claims, but the truth of her allegations has yet to be established in this case. The fastest way to get to a resolution of Ms. Bromfield's claims, however, is for her to finish producing the damages documents the Court required in the Feb. 28, 2022 Order, so that the parties can proceed to dispositive motions, and, if necessary, trial before Judge Carter. The Court strongly encourages Ms. Bromfield to devote her attention and resources to finishing that production, rather than filing duplicative motions for reconsideration.

### III. CONCLUSION

For the reasons set forth above, the Motion (ECF No. 263) is GRANTED to the extent that Ms. Bromfield's deadline to produce the damages documents is extended to March 25, 2022, and is otherwise DENIED. By April 1, 2022, Defendants shall file a letter confirming receipt of the damages documents.

The Clerk of Court is respectfully directed to close ECF No. 263 and to mail a copy of this Order to Ms. Bromfield at the address below.

Dated:      New York, New York
            March 14, 2022

**SARAH L. CAVE**
**United States Magistrate Judge**

Mail To:      Lenora Bromfield
             66 Washington Terrace
             Bridgeport, CT 06604