UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
LENORA BROMFIELD,                                :
                                                 :
                          Plaintiff,             :
                                                 :     16-CV-10047 (ALC)(SLC)
        -against-                                :
                                                 :     <u>ORDER</u>
BRONX LEBANON SPECIAL CARE CENTER,               :
INC.; MARIA COLLURA, DIRECTOR OF HUMAN           :
RESOURCES; OLIVE BROWN, CHIEF NURSING            :
OFFICER; YVONNE WEDDERBURN, ASSISTANT            :
DIRECTOR OF NURSING; GRACE BAPTISTE,             :
CERTIFIED NURSING ASSISTANT,                     :
                                                 :
                          Defendants.            :
------------------------------------------------------------------- x

**ANDREW L. CARTER, JR., District Judge:**

The Court assumes the parties' familiarity with the factual and procedural background of this case. The plaintiff seeks to reopen discovery and to file an amended complaint. She seeks to reopen discovery not only through Rule 60 but also based on newly discovered evidence. *Pro se* Plaintiff Lenora Bromfield ("Ms. Bromfield") requests:

- Relief from two of Magistrate Judge Pitman's Orders (Dkts. 32 and 43) memorializing Plaintiff's waiver of her right to take depositions (Dkts. 276-278); and

- Leave to file a second amended complaint ("SAC") and reopen discovery based on alleged newly discovered evidence (Dkts. 298, 310, and 323).

Plaintiff's motions at Dkts. 298, 310, and 323 were addressed in a Report and Recommendation ("R&R") from Magistrate Judge Sarah L. Cave at Dkt. 327. In summary, the Court denies Plaintiff's request for relief from Judge Pitman's Orders, denies Plaintiff leave to file a SAC, and denies Plaintiff's request to reopen discovery. Upon review of Judge Cave's

1

R&R, the parties' submissions, and all other relevant materials, Plaintiff's objections are OVERRULED in their entirety, and Judge Cave's R&R is adopted.

In accordance with Second Circuit precedent, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). The Court will now address each of Plaintiff's requests in sequence.

## PLAINTIFF'S MOTION FOR RELIEF FROM JUDGE PITMAN'S ORDERS

On April 25, 2022, Plaintiff filed a motion pursuant to Federal Rules of Civil Procedure 60(d)(1) and 60(d)(3) for relief from Magistrate Judge Pitman's Order, dated January 24, 2018 (Dkt. 32) and Memo Endorsed Order, dated April 3, 2018 (Dkt. 43). *See* Dkts. 276-278.

By way of background, this case was referred to Magistrate Judge Pitman for General Pretrial proceedings on November 6, 2017. Dkt. 28. During the initial pretrial conference held on January 24, 2018, Judge Pitman stated that "if plaintiff wishes to forego her right to take depositions, I will waive the limitations of Local Civil Rule 33.3 and permit plaintiff to serve up to 100 interrogatories." Dkt. 32 at ¶ 6. Plaintiff accepted Judge Pitman's offer in a letter dated March 28, 2018, expressly stating "I hereby forego my right to take depositions and respectfully request …[permission] to serve up to 100 interrogatories." *See* Memo Endorsed Order at Dkt 43, p. 3. In accordance with Judge Pitman's Order, Plaintiff interposed, and Defendants responded to, "hundreds" of interrogatories. Declaration of Marc A. Sittenreich, dated May 9, 2022, Dkt. 281 (hereinafter, "Sittenreich Decl."), ¶ 6. Defendants aver that they responded to "more than two to three time[s] the number of interrogatories permitted by the Court." *Id.*

2

Plaintiff claims that she only accepted a waiver of depositions due to a fraud on the Court. Ms. Bromfield's request to take depositions has already been reviewed and denied multiple times by Judge Cave[1]. *See* Dkts. 262, 265, 269. As Judge Cave noted in these decisions on Plaintiff's motions, Ms. Bromfield "provide[d] no allegations to support" her claims of fraud (Dkt. 262), the waiver of depositions "was a voluntary submission by Ms. Bromfield" (Dkt. 265), and her arguments for reconsideration were "substantially identical" across multiple iterations (Dkt. 269).

Plaintiff now asks the Court to entertain an "independent action" to allow her to take depositions under Fed. R. Civ. P. 60(d)(1), or in the alternative, to set aside the judgement under Fed. R. Civ. P. 60(d)(3) for fraud on the Court.

"[I]ndependent actions under Rule 60(d)(1) are available 'only to prevent a grave miscarriage of justice.'" *Gottlieb v. S.E.C.*, 310 F. App'x 424, 425 (2d Cir. 2009). "The standard to prove 'fraud on the court' is extremely high, and relief under Rule 60(d) is 'narrower in scope than that which is sufficient for relief by timely motion under [Rule] 60(b)(3).'" *Lee v. Marvel Enterprises, Inc.*, 765 F.Supp.2d 440, 450 (S.D.N.Y. 2011), *aff'd*, 471 F. App'x 14 (2d Cir. 2012). This is because "fraud upon the court' . . . is limited to fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988). "Fraud upon the court should embrace 'only that species of fraud which does or attempts to, defile the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner its impartial task of adjudging cases.'" *King v. First Am. Investigations, Inc.*, 287 F.3d 91, 95 (2d Cir. 2002). "Conclusory allegations

---

[1] This case was reassigned to Magistrate Judge Sarah L. Cave for General Pretrial proceedings on October 3, 2019. *See* Minute Entry of October 3, 2019.

cannot support a claim of fraud on the court under Rule 60(d)." *Lee*, 765 F. Supp. 2d at 451. "[T]o succeed on a Rule 60(d) motion, '[f]raud upon the court must be established by clear and convincing evidence.'" *Id.* at 450.

Plaintiff's voluntary decision to forego depositions in exchange for the ability to serve hundreds of interrogatories is not a 'grave miscarriage of justice' requiring the Court's intervention under FRCP 60(d)(1). Further, Plaintiff's conclusory allegations of fraud do not meet the 'extremely high' burden to show fraud on the court under FRCP 60(d)(3). Ms. Bromfield does not allege any facts to show that she was fraudulently induced to waive her right to take depositions and does not allege a misstatement by Defendants or the Court that led her to forego her right to take depositions.

Plaintiff's motion for relief from Magistrate Judge Pitman's Order, dated January 24, 2018 (Dkt. 32) and Memo Endorsed Order, dated April 3, 2018 (Dkt. 43) is therefore DENIED.

## **PLAINTIFF'S MOTION FOR LEAVE TO FILE A SECOND AMENDED COMPLAINT AND REOPEN DISCOVERY**

Plaintiff has also made a motion for leave to file a second amended complaint ("SAC") and reopen discovery based on alleged newly discovered evidence. *See* Dkts. 298, 310, and 323. Plaintiff's motions for leave were analyzed in an R&R from Judge Cave at Dkt. 327. Plaintiff filed objections to Judge Cave's R&R on Feb. 21, 2023. Dkt. 330. Defendants filed their opposition to her objections on March 7, 2023. Dkt. 331. Plaintiff then filed a reply to Defendants' opposition on March 20, 2023. Dkt. 332.

Upon review of Judge Cave's R&R, the parties' submissions, and all other relevant materials, Plaintiff's objections are OVERRULED in their entirety, and Judge Cave's R&R is adopted.

Under Fed. R. Civ. P. 72(a), "the district judge … must consider timely objections to the magistrate judge's decision and modify or set aside any part of the order that is clearly erroneous or contrary to law." *Tiffany & Co. v. Costco Wholesale Corp.*, No. 13 Civ. 1041 (LTS)(DCF), 2013 WL 5677020, at *1 (S.D.N.Y. Oct. 18, 2013).

"The magistrate judge's findings may be considered 'clearly erroneous' when 'on the entire evidence, the district court is left with the definite and firm conviction that a mistake has been committed.'" *Bromfield v. Bronx Lebanon Special Care Center, Inc.*, No. 1:16-cv-10047, 2020 WL 495460, at *1 (S.D.N.Y. Jan. 30, 2020) (quoting *Easley v. Cromartie*, 532 U.S. 234, 243 (2001) (citation omitted)). "A ruling is contrary to law 'when it fails to apply or misapplies relevant statutes, case law or rules of procedure.'" *Brown v. Barnes & Noble, Inc.*, No. 16-CV-7333, 2019 WL 5188941, at *1 (S.D.N.Y. Oct. 15, 2019) (quoting *NIKE, Inc. v. Wu*, 349 F.Supp.3d 346, 353 (S.D.N.Y. 2018)).

"It is well-settled that a magistrate judge's resolution of a nondispositive matter should be afforded substantial deference and may be overturned only if found to have been an abuse of discretion." *Xie v. JPMorgan Chase Short-Term Disability Plan, et al.*, No. 15-CV-4546, 2018 WL 501605, at *1 (S.D.N.Y. Jan 19, 2018); *Brown*, 2019 WL 5188941, at *1. "[E]ven a pro se party's objections to a Report and Recommendation must be specific and clearly aimed at particular findings in the magistrate's proposal, such that no party be allowed a 'second bite at the apple' by simply relitigating a prior argument." *Hernandez v. City of New York*, No. 11 Civ.

6644, 2015 WL 321830, at *3 (S.D.N.Y. Jan. 23, 2015) (quoting *Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008)).

Though Plaintiff may disagree with Judge Cave's rulings on her motions, her decisions were not erroneous or contrary to law. Judge Cave's 30-page R&R carefully considers Plaintiff's motion for leave to file an SAC. The R&R provides an exhaustive review of the motion practice and factual background in this extensive litigation and finds that: 1) Ms. Bromfield's proposed amendments would be legally futile (R&R at 13-26), and 2) leave to amend would be unduly prejudicial at this stage of the litigation (R&R at 27.). The Second Circuit has explained that "district courts should not deny leave [to amend] unless there is a substantial reason to do so, such as excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000); *see McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007) ("A district court has discretion to deny leave for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party."). Here, Judge Cave's R&R considers each of Plaintiff's proposed amendments and finds that they would not survive a motion to dismiss under controlling precedent. *See Case v. Clivilles*, No. 12 Civ. 8122 (TPG), 2016 WL 5818577, at *4 (S.D.N.Y. Oct. 4, 2016) (citing *Polanco v. NCO Portfolio Mgmt., Inc.*, 23 F. Supp. 3d 363, 369 (S.D.N.Y. 2014))( "An amendment is futile if the new claim could not survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).")

Because Ms. Bromfield's amendments in the SAC would be futile and would cause undue prejudice to Defendants, the Court DENIES her motions for leave to amend and to reopen discovery.

## CONCLUSION

For the reasons stated above, Plaintiff's request for relief from Judge Pitman's Orders is DENIED. The Court adopts Judge Cave's Report and Recommendation ("R&R") at Dkt. 327. Plaintiff's motion for leave to file a Second Amended Complaint is DENIED. Plaintiff's request to reopen discovery is DENIED. The Clerk of Court is respectfully directed to terminate the open motions at ECF Nos. 276, 298, and 310.

As requested at Dkt. 303, Defendants are granted leave to file a motion for summary judgment as to Plaintiff's claims in the Amended Complaint at ECF No. 127. Summary Judgment briefing will adhere to the following schedule:

- May 1, 2023: Defendant's Initial Motion for Summary Judgment
- May 31, 2023: Plaintiff's Opposition to Summary Judgment
- June 15, 2023: Defendant's Reply (if any)

**SO ORDERED.**

**Dated:**     **New York, New York**
          **March 30, 2023**

_____
**ANDREW L. CARTER, JR.**
**United States District Judge**